Dave WAGNER, et al.,
Appellants/Respondents,

v.

JACKSON COUNTY BOARD OF
ZONING ADJUSTMENT,
Respondent,

and

Barber & Sons Tobacco Company,
Inc., Respondent/Appellant.

Dave WAGNER, et al., Respondent,

v.

JACKSON COUNTY BOARD OF
ZONING ADJUSTMENT,
Respondent,

and

Barber & Sons Tobacco Company,
Inc., Appellant.

Nos. WD 46699, WD 46714.

Missouri Court of Appeals,
Western District.

April 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Patrick B. Starke, Blue Springs, for Wagner, et al.

Lucy V. Wolcott, William J. Gnefkow, Jr., Kansas City, for Jackson County Bd. of Zoning.

Mark F. Brady, Michael T. White, Kansas City, for Barber & Sons Tobacco Co.

Before SMART, P.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

Appellants/Cross–Respondents, Dave Wagner (Wagner), Lake Lotawana Association, and Lake Lotawana Holding Company appeal the judgment of the trial court affirming a decision of the Jackson County Board of Zoning Adjustment (BZA) granting a special use permit to Respondent/Cross–Appellant Barber & Sons Tobacco Company, Inc. Barber & Sons cross-appeal challenging the dismissal of its cross-claim against the BZA which cross-claim alleged that certain conditions imposed on the special use permit were unconstitutional.

Wagner is a resident and property owner in Lake Lotawana. Lotawana Holding Company owns property in Lake Lotawana and Lake Lotawana Association owns Lotawana Holding Company. Lake Lotawana Association is also the representative association of the residents of Lake Lotawana. Wagner, Lotawana Holding, and Lotawana Association are hereinafter referred to collectively as "Wagner and Lotawana, Inc."

Barber & Sons is the owner of certain property adjoining the City of Lake Lotawana in the unincorporated area of Jackson County. In December of 1990, Barber & Sons filed an application for a special use permit to allow the underground mining of rock from its property (the "Special Use Permit"). A hearing was conducted before the Jackson County Plan Commission (CPC) which commission recommended denial of the Special Use Permit to the BZA.

In April of 1991, the BZA conducted a hearing on the Special Use Permit and voted to approve it subject to certain restrictions. Wagner and Lotawana, Inc. filed a petition for review in the circuit court against the BZA. Barber & Sons was granted leave to intervene and filed a cross-claim against the BZA challenging certain of the conditions placed on the Special Use Permit by the BZA. The conditions in question required Barber & Sons to perform certain road construction in the vicinity of the rock quarry in question. These conditions are hereinafter referred to as the "Traffic Conditions."

The circuit court affirmed the decision of the BZA approving the Special Use Permit and dismissed the cross claim of Barber & Sons challenging the Traffic Conditions. Wagner and Lotawana, Inc. appeal the judgment of the circuit court affirming the decision of the BZA granting the Special Use Permit. Barber and Sons cross-appeal challenging the dismissal by the circuit court of its cross-claim.

## WAGNER AND LOTAWANA, INC. APPEAL

■ In their appeal, Wagner and Lotawana, Inc. argue first that the trial court erred in affirming the decision of the BZA because the BZA failed to give lawful notice of the hearing that it conducted.

Chapter 64, RSMo 1986, relates to county planning, zoning and recreation.[1] Sections 64.010 through 64.160 relate to planning and zoning in first class charter counties such as Jackson County. Section 64.120 authorizes the establishment of a county board of zoning adjustment, but does not establish a specific notice requirement in regard to consideration of matters appealed to the county board of zoning adjustment. However, section 64.120.1 does require that "[t]he board of zoning adjustment shall adopt rules of procedure consistent with the provisions of the zoning regulations and the provisions of this law." Wagner and Lotawana, Inc. argue that the reference in section 64.120.1 to the "provisions of this law" requires that the board of zoning adjustment employ the notice requirement of section 64.040.

■ The cardinal rule of statutory construction requires the court to ascertain the

1. All statutory references are to RSMo 1986 unless otherwise noted.

true intention of the legislature, giving reasonable interpretation in light of the legislative objective. *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985). In determining the legislature's intention, the provisions of the entire legislative act must be construed together, and if reasonably possible, all the provisions must be harmonized. *Id.*

Section 64.040 provides, in pertinent part, as follows: The county planning commission may adopt the master plan in whole or in part, and subsequently amend or extend the adopted plan or any portion thereof. Before the adoption, amendment or extension of the plan or portion thereof, the commission shall hold at least one public hearing thereon, *fifteen days' notice of the time and place of which shall be published* in at least one newspaper having general circulation within the county, *and notice of such hearing shall also be posted at least fifteen days in advance thereof in at least four conspicuous places in each township.* (emphasis added)

Notice in the case at bar was by fifteen days published notice, but without posting in four conspicuous places. Wagner and Lotawana, Inc. argue that since notice was not posted, it was deficient.

Section 64.040 addresses the adoption or amendment of a master plan, not an appeal in regard to a special use permit before the board of zoning adjustment. Some other statutes relating to zoning by first class charter counties do specifically reference the notice requirement of section 64.040. For example, section 64.060, relating to the adoption of county subdivision regulations; section 64.080, relating to the adoption and amendment of building and set back lines; and section 64.110, relating to the adoption and amendment of an original county zoning ordinance establishing districts, all specifically require notice pursuant to section 64.040. However, the posting of notice is not required for rezonings under section 64.140, RSMo Supp.1992.

Section 64.140, RSMo Supp.1992, provides, in pertinent part, that public notice of any hearing for rezoning must be given

"by at least one publication in one newspaper published in the county at least fifteen days before the date of the hearing."

The notice requirements of the zoning statutes relating to first class non-charter counties are similar to those relating to first class charter counties. Sections 64.211 through 64.295 relate to zoning in first class non-charter counties. The statutes which require published and posted notice are as follows: section 64.231, addressing the adoption or amendment of a master plan; section 64.241, addressing the adoption of subdivision regulations; section 64.251, addressing the adoption and amendment of building and setback lines; and section 64.265, relating to the establishment of original zoning districts.

The notice requirement for rezoning is the same in first class non-charter counties, pursuant to section 64.271, RSMo Supp. 1992, as in first class charter counties, pursuant to section 64.140, RSMo Supp.1992. Both of said statutes require published but not posted notice. Furthermore, although section 64.120, which relates to special use permits in first class charter counties does not specifically address notice, section 64.281, which relates to special use permits in first class non-charter counties does specifically address notice, requiring published notice but not posted notice.

The posting of notice is consistently required of first class charter counties when adopting or amending broad base regulations that affect the entire county or an entire district within a county. The granting or denial of a special use permit is not of such a nature. A special use permit, which is generally more limited in scope and effect, is more analogous to a rezoning request that typically has greater impact upon individual property owners than the county at large.

The legislature did not designate a specific notice requirement for hearings on special use permits before the board of zoning adjustment for a first class charter county under section 64.120. Section 64.120 requires that the rules and procedures before the zoning board of adjustment are to be consistent with the provisions of the

zoning laws. Fifteen days published notice without posting was not inconsistent with the laws relating to planning and zoning in first class charter counties. Furthermore, fifteen days published notice without posting is consistent with the statutory scheme otherwise established for first class non-charter counties. The trial court did not err by finding the notice given to have been sufficient.

Wagner and Lotawana, Inc.'s first point is denied.

■ In the second point of their appeal, Wagner and Lotawana, Inc. argue that the trial court erred in affirming the decision of the BZA because they were denied a fair trial before the BZA.

Specifically, Wagner and Lotawana, Inc. argue that BZA members Ken Vaughn and Duren Sleyster were biased against them in that said individuals had prejudged the case.

After the decision of the BZA granting the Special Use Permit and while the appeal of Wagner and Lotawana, Inc. was pending before the circuit court, Wagner and Lotawana, Inc. were granted permission by the court to take the deposition of BZA members Vaughn and Sleyster. Said deposition testimony was presented to the court in an effort by Wagner and Lotawana, Inc. to show that Vaughn and Sleyster had decided to vote in favor of granting the Special Use Permit before the hearing conducted by the BZA.

Review of a decision of a board of zoning adjustment in a first class charter county is by writ of certiorari. § 64.120.3. Review is in accordance with Chapter 536, RSMo 1986, the Administrative Procedure Act. *State ex rel. Horn v. Randall,* 275 S.W.2d 758, 761 (Mo.App.1955).[2] Section 536.140.2 provides, in pertinent part, that the court's review "*may* extend to a determination of whether the action of the agency … (5) Is made upon unlawful procedure or without a fair trial." (emphasis added). Section 536.140.4 further provides, in pertinent

part, that "[t]he court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness … not shown in the record." The use of the word "may" in section 536.140.2 and .4 indicates that it is discretionary with the court as to whether it will hear additional evidence. *Gore v. Wochner,* 558 S.W.2d 333, 334 (Mo. App.1977).

■ The procedural due process requirement of fair trials by fair tribunals applies to administrative agencies acting in an adjudicative capacity. *Fitzgerald v. City of Maryland Heights,* 796 S.W.2d 52, 59 (Mo.App.1990) (citing *Withrow v. Larkin,* 421 U.S. 35, 46, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975)). Administrative decisionmakers must therefore be impartial. *Id.* However, administrative decisionmakers are expected to have preconceived notions concerning policy issues within the scope of their agency's expertise. *Id.* Familiarity with the adjudicative facts of a particular case, even to the point of having reached a tentative conclusion prior to the hearing, does not necessarily disqualify an administrative decisionmaker, in the absence of a showing that the decisionmaker is not capable of judging a particular controversy fairly on the basis of its own circumstances. *Id.*

■ There is a presumption in favor of the honesty and impartiality of administrative decision makers. *Id.* A trial judge's determination of the impartiality of an administrative decisionmaker is reviewed for abuse of discretion. *Id.*

In the deposition testimony presented to the trial court, Ken Vaughn testified that even though he had determined before the BZA hearing that the Special Use Permit should be granted, his mind was open to change based upon the evidence presented at the hearing. Likewise, Duren Sleyster testified in his deposition that he favored the Special Use Permit prior to the hearing before the BZA, but that he made his deci-

**2.** See *Deffenbaugh Industries, Inc. v. Potts,* 802 S.W.2d 520, 524–25 (Mo.App.1990), for a thorough discussion of the application of the Administrative Procedure Act as the functional equivalent to special statutes providing review by certiorari in zoning decisions and the interrelationship of these laws.

sion based upon the evidence presented to the BZA at the hearing.

The evidence did not show that either Vaughn or Sleyster were incapable of judging the matter fairly. Accordingly, the trial court did not abuse its discretion by finding that Wagner and Lotawana, Inc. failed to show bias on the part of BZA members Vaughn and Sleyster.

Wagner and Lotawana, Inc.'s appeal is denied.

## Barber & Sons Appeal

■ In its appeal, Barber & Sons argues that the trial court erred in dismissing its cross-claim against the BZA. The cross-claim in question challenged the constitutionality of the Traffic Conditions imposed by the BZA on the Special Use Permit.[3]

The question that is presented here is whether Barber & Sons' cross-claim was properly brought as a cross-claim in the appeal from the decision of the BZA by Wagner and Lotawana, Inc. The trial court held that "a cross-claim is appropriate under the rules and statutes governing judicial review of administrative procedures," but dismissed the cross-claim since "the issues raised in [Barber & Sons'] cross-claim invoke the original and plenary jurisdiction of this court and are improper in a judicial proceeding reviewing an administrative decision." The trial court cited *Deffenbaugh Industries, Inc. v. Potts,* 802 S.W.2d 520 (Mo.App.1990), in support of its decision. We do not believe that the cross-claim invoked the original and plenary jurisdiction of the trial court. We find that the cross-claim raised issues within the scope of review provided under the Administrative Procedure Act.

*Deffenbaugh Industries, Inc. v. Potts* was an appeal from the trial court's ruling which affirmed the denial of an application for a special use permit by Deffenbaugh to operate a sanitary landfill. *Id.* at 521. Deffenbaugh's petition before the circuit court contained multiple counts. One count sought review of the administrative decision denying the special use permit. *Id.* at 521. Another count sought a declaration that the sanitary landfill operated by Deffenbaugh was a permitted nonconforming use under the applicable zoning regulations so that the provisions prohibiting the operation of a sanitary landfill without a special use permit were invalid. *Id.* at 521. A third count sought a declaration that the City was without power to deny a special use permit because Deffenbaugh was an approved licensee of the State of Missouri under sections 260.200 et seq. *Id.* at 521. In *Deffenbaugh,* the City filed a counterclaim seeking to enjoin the operation of the landfill and for declaratory judgment. *Id.* at 521.

Judge Shangler, writing for this court in *Deffenbaugh,* held that when the circuit court undertakes judicial review of a final administrative decision in a contested case under sections 536.100 to 536.140, the Administrative Procedure Act, the court's power to adjudicate is to the extent of the grant of the Act. *Id.* at 522. The court's authority to review is limited by the provisions of the Administrative Procedure Act, with the powers of equity and for declaratory judgment not included. *Id.* at 522. "That is to say, the enactment confers the authority to examine and correct the agen-

---

**3.** The Traffic Conditions imposed by the BZA were designated and required as follows:

u. A left turn lane for northbound traffic shall be constructed for traffic entering the quarry at the present entrance on Route 7.

v. The left turn lane in condition u. shall be extended approximately 3,000 feet to the north to give loaded trucks a lane to accelerate to the prevailing speed on Route 7.

w. If an additional entrance is constructed to the southern part of the quarry, allowing traffic to enter Route 7, a left turn lane for north-bound traffic to enter the quarry must be constructed.

x. Extend the widening described in condition w. north to provide a lane of a sufficient distance necessary for the loaded trucks to accelerate to the prevailing speed on Route 7 which is 55 mph.

y. Provide widening of Route 7 creating an additional lane southbound on Route 7 extending to the westbound ramp to Route 50.

z. Six feet of widening on the westbound ramp connecting Route 7 with Route 50 to provide a separate lane for trucks to travel up the ramp without inhibiting other traffic.

cy decision, but not to form a plenary judgment as by a court of general and original jurisdiction." *Id.* at 523. Accordingly, in *Deffenbaugh,* the pleadings for declaratory judgment and injunction were dismissed as void. *Id.* at 523.

In the case at bar, Barber & Sons sought review of the constitutionality of the Traffic Conditions in its cross-claim. Section 536.140.2(1) provides that judicial review may extend to a determination of whether the action of the agency is in violation of constitutional provisions. The cross-claim did not seek relief outside the scope of the Administrative Procedure Act and the trial court erred in so holding.

Nonetheless, an appellate court will affirm the judgment of the trial court if the trial court has reached the correct result, even though the decision of the appellate court may be based on reasons not given by the trial court. *Kaiser v. Moulton,* 631 S.W.2d 44, 46–47 (Mo.App.1981). In this regard, Wagner and Lotawana, Inc. argue further in response to the appeal of Barber & Sons that the issues sought to be raised by Barber & Sons are outside the scope allowed through intervention. We agree.

No new or foreign issues can be interjected by way of intervention. *State ex rel. Mercantile Bank v. Pinnell,* 804 S.W.2d 63, 65 (Mo.App.1991). Wagner and Lotawana, Inc. challenged only the granting of the Special Use Permit in their appeal. Therefore, the attempt by Barber & Sons to challenge the constitutionality of the Traffic Conditions by intervention interjected new or foreign issues in the appeal. This subjected the cross-claim of Barber & Sons to dismissal.[4]

The judgment of the trial court is affirmed.

All concur.

---

**4.** Barber & Sons' right to review was by writ of certiorari, section 64.120.3, with review in accordance with the Administrative Procedure Act, sections 536.010 through 536.150. Barber & Sons did not choose to seek review pursuant to 64.120.3 and, as discussed in the text above, is not entitled to raise new issues in another party's appeal by intervention.