

# In the Missouri Court of Appeals Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| CARL AND JANICE DUFFNER, | ) | ED102898 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| v. | ) | 1411-CC00919 |
| | ) | |
| CITY OF ST. PETERS, | ) | Honorable Daniel G. Pelikan |
| | ) | |
| Respondent. | ) | Filed: January 12, 2016 |

## Introduction and Summary

Carl and Janice Duffner (Appellants) appeal the dismissal of their petition against the City of St. Peters (City). The City had sought to enforce an ordinance requiring Appellants to maintain turf grass on at least 50 percent of their residential yard areas. Appellants initially requested a variance from the City's Board of Adjustment (Board), and after the Board granted only a partial variance, Appellants filed the present action. Section 89.110[1] provides that parties aggrieved by a board of adjustment decision are to seek review by requesting a writ of certiorari in the circuit court, but none of the four counts in Appellants' petition requested a writ of certiorari under Section 89.110. The trial court dismissed the petition, finding it lacked jurisdiction in that Appellants failed to exhaust their administrative remedies.

---

[1] All statutory references are to RSMo. (2000), unless otherwise indicated.

However, as this Court has previously held, certiorari procedure under Section 89.110 does not encompass review of claims that an underlying ordinance is invalid. To the extent the counts of Appellants' petition raised challenges to the validity of the ordinance, a trial court did have general plenary jurisdiction over those claims. This Court has held that a trial court may only exercise either (1) its general plenary jurisdiction to resolve issues regarding the validity of ordinances, or (2) its "limited statutory jurisdiction" under Section 89.110 to review a decision of a board of adjustment by a writ of certiorari. However, in light of the Missouri Supreme Court's decision in J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009), Section 89.110 does not limit the plenary jurisdiction granted to circuit courts by the Missouri Constitution, but rather limits a court's authority to grant a particular remedy in a particular case. Id. at 254. Because Section 89.110 is not a limit to the court's jurisdiction under Webb, this calls into question our prior cases holding that a circuit court may act only under its general plenary jurisdiction or under the statute in a single proceeding. However, the petition here did not include both types of claims.

Counts I, III, and IV of Appellants' four-count petition claimed the ordinance at issue was invalid, and thus the trial court erred in concluding it did not have jurisdiction to rule on these counts. Further, Count II attacked the decision of the Board, and Section 89.110 provides the exclusive remedy for judicial review of that claim. Because Count II did not request a writ of certiorari under Section 89.110 regarding the claimed error of the Board, the trial court properly dismissed it.

Because the trial court did have jurisdiction over Appellants' claims in Counts I, III, and IV, we also review the other grounds asserted in the City's motion to dismiss;

2

namely, that the petition failed to state a claim upon which relief could be granted. In reviewing Count I, a substantive due process claim under 42 U.S.C. § 1983, we find that it failed to adequately allege conduct on the part of the City that was "truly irrational." However, Counts III and IV sufficiently pled their respective causes of action for a taking and that the City exceeded its statutory power in enacting the ordinance at issue. Thus, we affirm the trial court's dismissal of Counts I and II, and we reverse the trial court's dismissal of Counts III and IV.

## Background

Appellants reside in the City of St. Peters. In May of 2014, Appellants received a notice from the City stating that their property was not in compliance with Section 405.390(A)(4) of the City's code (the Ordinance), which includes the following requirement: "A minimum of fifty percent (50%) of all yard areas shall be comprised of turf grass." At that time, Appellants did not have any turf grass in any of their yard areas.

Appellants applied to the City's Board of Adjustment for a variance, requesting that they be exempt from the Ordinance's turf grass requirement. The Board held a hearing, after which it did grant a variance. However, rather than exempting Appellants entirely from the turf grass requirement, the Board reduced the requirement to five percent. The Board also stated that the five percent of turf grass must all be planted in Appellants' front or side yards.

Appellants subsequently filed a petition in the trial court against the City seeking declaratory and injunctive relief. Appellants alleged that their reasons for removing turf grass entirely from their property were to stabilize a hill in their back yard, to deter

3

erosion from water draining into their yard from City property, and to minimize Janice Duffner's allergic reactions from exposure to grass pollen.

Appellants' petition asserted the Ordinance's turf grass requirement was invalid and raised four counts: that the turf grass requirement violates Appellants' substantive due process right to control their own private property (Count I); that the variance granted by the Board violates equal protection in that no other property owners had to situate their turf grass completely in front or side yards (Count II); that the Ordinance's restrictions constitute an unconstitutional taking of private property (Count III); and that the Ordinance constitutes an exercise of power that exceeds the City's statutory zoning power (Count IV). Appellants requested that the trial court declare the turf grass requirement unconstitutional and enjoin the City from enforcing it, and alternatively Appellants requested just compensation for the taking of their private property.

The City moved to dismiss Appellants' petition, arguing that it failed to state a claim upon which relief could be granted, and that the trial court lacked subject matter jurisdiction because Appellants failed to exhaust their administrative remedies. The trial court found that Appellants failed to raise their constitutional claims before the Board or in any subsequent administrative appeal under Section 89.110. The trial court held Appellants were required to do so in order to exhaust their administrative remedies, and thus the trial court concluded it did not have subject matter jurisdiction over Appellants' petition. The trial court granted the City's motion and dismissed Appellants' petition in its entirety. This appeal follows.

4

## Standard of Review

Our review of a trial court's dismissal of a petition is *de novo*. McCarthy v. Peterson, 121 S.W.3d 240, 243 (Mo. App. E.D. 2003). We accept the factual allegations in the petition as true and view them in the light most favorable to the plaintiff. Id. We "construe the petition liberally [and] give the pleadings their broadest intentment," in order to determine whether the pleaded facts, "if established, demonstrate a right of recovery against the defendant which the law recognizes, or of a cause that might be adopted in the case." Plengemeier v. Thermadyne Indus., Inc., 409 S.W.3d 395, 400 (Mo. App. E.D. 2013). We also review the grounds raised in the defendant's motion to dismiss, and if the dismissal cannot be sustained on any of the grounds alleged in the motion, we must reverse. In re Estate of Austin, 389 S.W.3d 168, 171 (Mo. banc 2013).

## Discussion

Appellants raise seven points on appeal, all arguing that the trial court erred in dismissing their petition. We examine each of the four counts of Appellants' petition to determine whether they sufficiently state a cause of action, as well as the City's motion to dismiss to determine whether any basis the City raised may sustain the trial court's dismissal. However, we begin by examining the trial court's basis for dismissal in general here.

## Subject Matter Jurisdiction

The trial court found that all claims of Appellants' petition constituted a collateral attack on the Board's order and concluded that it lacked subject matter jurisdiction. The trial court reasoned that Appellants failed to raise their constitutional claims at the earliest

5

opportunity—in front of the Board—and failed to exhaust their administrative remedies under Section 89.110. The trial court erred in these findings and conclusions.

The trial court noted the general rule that a person may not collaterally attack a decision of the Board by filing suit in the circuit court, but rather his or her exclusive remedy is under Section 89.110, citing Bush v. City of Cottleville, 411 S.W.3d 860, 865 n.5 (Mo. App. E.D. 2013). Indeed, Section 89.110 provides the remedy for any person aggrieved by a decision of the board of adjustment, which is a petition for a writ of certiorari in the circuit court.[2] Additionally, where "there is an adequate statutory remedy the procedure prescribed is exclusive." Normandy Sch. Dist. v. City of Pasadena Hills, 70 S.W.3d 488, 492 (Mo. App. E.D. 2002).

However, this Court in Bush also noted the distinction between an attack on the decision of a board of adjustment and an attack on the validity of an ordinance. 411 S.W.3d at 865 n.5 (citing St. John's Evangelical Lutheran Church v. City of Ellisville, 122 S.W.3d 635, 640 (Mo. App. E.D. 2003)). A board of adjustment functions in an administrative or quasi-judicial capacity, and its decisions are reviewed pursuant to statutory mandate. See Section 89.110; Rosedale-Skinker Improvement Ass'n v. Bd. of Adjustment of St. Louis, 425 S.W.2d 929, 938 (Mo. banc 1968) (board of adjustment has no legislative powers, but acts in administrative or quasi-judicial capacity). In contrast, enactment of a zoning ordinance is a legislative function. "A challenge to the validity of

---

[2] Section 89.110 provides, in relevant part, the following:
> Any person . . . aggrieved by any decision of the board of adjustment . . . may present to the circuit court . . . a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. . . . Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review such decision . . . and shall prescribe therein the time within which a return thereto must be made . . . . [The court] may take additional evidence . . . [and] may reverse or affirm, wholly or partly, or may modify the decision brought up for review.

an ordinance is a challenge of an exercise of a legislative function, and certiorari does not lie to review the exercise of legislative power." State ex rel. Drury Displays, Inc. v. City of Columbia, 907 S.W.2d 252, 255 (Mo. App. W.D. 1995) (citing Allen v. Coffel, 488 S.W.2d 671, 673 (Mo. App. 1972)); see also St. John's, 122 S.W.3d at 640 (quoting Normandy, 70 S.W. 3d at 492) (statutory review by writ of certiorari is unavailable for challenges to validity of ordinance). Thus, Section 89.110 does not provide a remedy for constitutional challenges to the validity of ordinances.

Likewise, "[w]here a party challenges the lawfulness of an ordinance, the trial court's jurisdiction is not limited to review under [S]ection 89.110." St. John's, 122 S.W.3d at 640. In St. John's, the plaintiff church had sought a permit on two occasions from the city to erect a sign in front of its church building, both of which the city denied because the plans for the sign did not comply with city ordinances. Id. at 637-38. The church appealed to the board of adjustment, but prior to the hearing, the church also filed a petition for declaratory and injunctive relief in the circuit court. Id. at 638. This Court held that because the church's petition in the circuit court included a claim that the applicable ordinance was invalid, the trial court had plenary jurisdiction over that issue and was free to exercise it. Id. at 640 (citing Normandy, 70 S.W.3d at 492). This Court went on to say that the trial court may choose to exercise its general plenary jurisdiction in considering a request for declaratory judgment, so long as it does not also exercise its limited statutory authority[3] to affirm, reverse, or modify the board of adjustment's

---

[3] While Normandy and St. John's both discuss the trial court's statutory authority in jurisdictional terms, these cases were decided prior to the Missouri Supreme Court's decision in J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009). We therefore alter the discussion of these cases to more accurately classify a circuit court's authority under Section 89.110 as limited in terms of remedy, but not jurisdiction. See id. at 255 ("[w]hen a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant"). We also question the holding in both Normandy and St. John's that a circuit court may

7

decision under Section 89.110. Id. Because the trial court there had exercised only its general jurisdiction, this Court upheld the trial court's judgment. Id. at 641-42.

The issue here is whether Appellants' petition constituted a collateral attack on the Board's decision, for which the exclusive method of judicial review is prescribed by Section 89.110, or a challenge to the validity of the Ordinance, which the trial court may take up independently under its general plenary jurisdiction. The trial court found that all four counts were attacks on the Board's decision, and thus dismissed them because Appellants failed to raise them through a request for a writ of certiorari under Section 89.110. We disagree.

In Count I, Appellants raised a claim under 42 U.S.C. § 1983 for a violation of a substantive due process right. They alleged that the turf grass requirement of the Ordinance deprived them of a fundamental private property right to control their property and put it to any harmless use of their choosing. This is an attack on the validity of the Ordinance, having nothing to do with the Board's decision. Similarly in Count IV, Appellants allege the City exceeded its statutory zoning power by enacting the turf grass requirement of the Ordinance. Again, this claim is not an attack on any decision of the Board, but rather it concerns the validity of the Ordinance itself. Section 89.110 does not provide the procedure for asserting either of these claims, and Appellants were not required to bring them by a writ of certiorari under the statute. Rather, Appellants

exercise only its general plenary jurisdiction or its statutory "jurisdiction" under Section 89.110, in light of Webb's clear statement that questions regarding whether an issue is properly before the court under statutes prescribing a certain procedure are not jurisdictional but "really go to the court's authority to render a particular judgment in a particular case." 275 S.W.3d at 254. Under Webb, therefore, it would be improper to refrain from judgment on the basis of a perceived limitation on jurisdiction due to a statute; however, Webb did acknowledge statutory limitations on a court's ability to give remedies in particular circumstances. Id. Thus, whether a circuit court has authority to decide both a declaratory count and a request for a writ of certiorari under Section 89.110 on the merits in the same proceeding must be determined in light of Webb.

8

properly invoked the general plenary jurisdiction of the trial court, and thus the trial court erred in dismissing Counts I and IV solely on the basis of jurisdiction.

Count III is a takings claim, asserted under Article I, section 26 of the Missouri Constitution. Appellants argued that the turf grass requirement affects their ability to use and enjoy their property such that it amounts to a governmental taking of private property without just compensation, which falls under the category of a regulatory taking. See Clay County ex rel. County Comm'n of Clay County v. Harley & Susie Bogue, Inc., 988 S.W.2d 102, 106 (Mo. App. W.D. 1999). Though this claim is not an attack on the facial validity of the Ordinance, but rather a claim arising from an unconstitutional application of the Ordinance to Appellants,[4] it similarly is not encompassed by the statutory procedure for contesting a decision of the Board. Section 89.110 (providing procedure for "any person . . . *aggrieved by any decision of the board of adjustment*" (emphasis added)). Appellants do not claim that the Board's action in granting a partial variance constituted an unconstitutional taking, but rather the application of the Ordinance itself does. Appellants have requested either injunctive relief or just compensation, both of which are available to the court if it finds a regulatory taking has occurred. See Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1071 n.6 (Stevens, J., dissenting) (noting courts "may invalidate the excessive regulation or they may allow the regulation to stand and order the government to afford compensation" (internal quotations and alterations omitted)). Neither of these is available under Section 89.110, which provides only that

---

[4] While claims of regulatory taking were formerly viewed as a facial attack on the validity of the regulation as a whole, the United States Supreme Court clarified in 2005 that such challenges actually concede that the regulation is a valid exercise of police power and simply claim that such exercise effects a taking deserving just compensation. Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 543 (2005) ("the Takings Clause presupposes that the government has acted in pursuit of a valid public purpose. . . . It does not bar government from interfering with property rights, but rather requires compensation in the event of *otherwise proper interference* amounting to a taking" (internal quotation omitted)).

9

the circuit court "may reverse or affirm, wholly or partly, or may modify the [Board's] decision." Because Section 89.110 does not encompass Appellants' takings claim, Appellants were not required to proceed exclusively under Section 89.110 for this claim. See Normandy, 70 S.W.3d at 492 (where statute provides adequate remedy, statutory procedure is exclusive means of review). The trial court erred in dismissing Appellants' takings claim on the basis of jurisdiction.

In Count II, however, Appellants claimed that the Board's decision violated their constitutional right to equal protection under the law because the partial variance required Appellants to plant all of the five percent of turf grass in their front or side yards, whereas the Ordinance's turf grass requirement does not specify in which yard areas the grass must be located. Rather than arguing the Ordinance is invalid, this is a claim that Appellants are aggrieved by a specific decision of the Board acting in its administrative capacity. See Section 89.110 (encompassing claims that party is aggrieved by decision of board); see also Rosedale-Skinker, 425 S.W.2d at 938 (Mo. banc 1968) (board acts in administrative or quasi-judicial capacity when considering requests for variances).

This differs from an as-applied constitutional challenge to the underlying Ordinance in that it is not the application of the Ordinance itself to Appellants, but rather the particular variance here determined by the Board that Appellants argue violated their constitutional right to equal protection under the law. Similarly, in Wagner v. Jackson County Board of Zoning Adjustment, the board of zoning adjustment (BZA) there had granted an application for a special use permit, but had placed specific conditions on the permit. 857 S.W.2d 285, 287 (Mo. App. W.D. 1993). The appellant had filed a claim in the circuit court challenging the constitutionality of the conditions, which the circuit court

10

dismissed. Id. at 290. The Western District Court of Appeals affirmed, finding the circuit court properly dismissed the claim because it sought to invoke the original and plenary jurisdiction of the circuit court, which was improper because the claim was an attack on a decision of the BZA and thus governed by the Administrative Procedure Act, Section 536.140. Id. at 290-91. The appellate court held that because Section 136.140.2(1) specifically encompassed constitutional challenges to the BZA's decision, the appellant was required to follow the procedure for review prescribed by the Administrative Procedure Act to challenge the constitutionality of the BZA's conditions on the special use permit. Id. at 291.

Likewise here, Section 89.110 provides a means for parties aggrieved by a decision of the Board to file a petition for a writ of certiorari "setting forth that such decision is illegal, in whole or in part, [and] specifying the grounds of the illegality." Claims of illegality include claims that the Board's decision violates the Constitution. Therefore, Appellants were required to follow the procedure set forth in Section 89.110 to bring their constitutional challenge to the terms of the variance mandated by the Board, and that procedure was their exclusive means of review. See id.; Normandy, 70 S.W.3d at 492 (where statute provides adequate remedy, statutory procedure is exclusive). Thus, the trial court was limited by Section 89.110 in its authority and in the remedy it could provide for this claim.[5] J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 254 (Mo.

---

[5] This is not to say that the trial court's authority to determine constitutional questions is unduly limited under Section 89.110. On the contrary, certiorari review under Section 89.110 is broad. Cohen v. Ennis, 318 S.W.2d 310, 314 (Mo. banc 1958) (discussing Section 89.110, noting "while the phrase 'writ of certiorari' is used as descriptive of the method of review, actually the review therein defined is much broader"). Section 89.110 gives the circuit court authority to take additional evidence should it determine such evidence is necessary, and the court may choose to affirm, reverse, or modify the decision of the Board in whole or in part to address any constitutional violation from the Board's decision. In all likelihood this results in more practical usefulness to the party whose rights are violated in that the circuit

11

banc 2009) (statutory procedures are limits on court's authority and available remedy, not jurisdiction).

In their petition, Appellants raised four counts, but none of them requests a writ of certiorari under Section 89.110. While this was permissible as we have said to invoke the trial court's general plenary jurisdiction regarding Appellants' attacks on the validity of the Ordinance, both on its face and as applied to Appellants, in Counts I, III, and IV; Appellants failed to properly raise their claim in Count II under Section 89.110.[6] Thus, the trial court properly dismissed Count II based on Appellants' failure to follow the statutory procedure for review. See Wagner, 857 S.W.2d at 291.

## Waiver

Nevertheless, the City argues that Appellants waived their ability to challenge the constitutionality of the Ordinance because they conceded the validity of the Ordinance by applying for and receiving a variance. The City points out that the church in St. John's raised its constitutional claims regarding validity of the ordinance at issue in front of the board of adjustment when the church applied for a variance, but Appellants failed to do so here and thus have waived those arguments. Similarly, the trial court cited State ex rel. York v. Daugherty, 969 S.W.2d 223 (Mo. banc 1998), for the general proposition that constitutional challenges are waived if not raised at the earliest opportunity. However, under the circumstances here, we do not agree that Appellants' failure to raise their

_____

court is not limited to declaring a decision unconstitutional and reversing it, but actually may correct the decision to bring about the proper outcome, potentially eliminating the need for further proceedings.

[6] This begs the question, however, of whether the trial court would have been able to decide all four counts on the merits had Count II been pled as a certiorari request under Section 89.110. While that issue is not squarely before us, it is important to note that of the cases prohibiting the trial court from exercising both statutory and plenary jurisdiction, it seems in light of the Missouri Supreme Court's clarification in Webb, the circuit court has subject matter jurisdiction over all issues but is limited by the statute only in the remedy it may grant. 275 S.W.3d at 255 (proper to read statute "as merely setting statutory limits on remedies or elements of claims of relief that courts may grant"). As that issue is not before us, we do not decide it directly but only raise it in light of Webb.

12

constitutional claims regarding the validity of the Ordinance with the Board constituted a waiver that undermined the trial court's jurisdiction here.

In Normandy School District v. City of Pasadena Hills, the plaintiff school district had applied twice for a building permit to install temporary portable classrooms, both of which the city denied. 70 S.W.3d at 490. After the board of adjustment upheld the city's denial, the school district filed a petition in circuit court raising a constitutional claim for declaratory relief and an alternative second count requesting a writ of certiorari under Section 89.110. Id. at 491. There is no indication that the school district had previously raised its constitutional claims before the board of adjustment. This Court on appeal did not find the school district had waived these claims by applying for permits, nor did it find any error in the trial court's exercise of its plenary jurisdiction to resolve those claims. Id. at 492-93; see also Treme v. St. Louis County, 609 S.W.2d 706, 709 (Mo. App. E.D. 1980) (original action for declaratory relief regarding validity of zoning ordinance, no discussion that plaintiffs were first required to raise validity in front of board of adjustment).

Moreover, had Appellants brought their constitutional attacks on the validity of the Ordinance before the Board and then attempted to appeal that decision through a petition for writ of certiorari under Section 89.110 here, the trial court could very well have dismissed those claims as outside the scope of Section 89.110. See Allen, 488 S.W.2d at 673 (dismissing certiorari petition because review by certiorari under Section 89.110 was not available to test validity of zoning ordinance but only decision of board). It would present an unnecessary burden on Appellants as well as the administrative and court systems involved to require Appellants to raise claims in front of the Board where

13

the Board, as an administrative entity, has no authority to resolve them, and then appeal those claims through a statutory procedure by which the trial court similarly has no authority to address them. See State ex rel. Kansas City v. Public Serv. Comm'n, 244 S.W.2d 110, 115 (Mo. 1951) (when court of general jurisdiction is "engaged in the exercise of a special statutory power, [it] is confined strictly to the authority given by the statute").

Appellants raised their constitutional claims regarding the validity of the Ordinance in their initial pleadings in the trial court. Appellants did not waive these claims by first seeking a variance from the Board. The trial court erred in dismissing Counts I, III, and IV for lack of subject matter jurisdiction and failure to exhaust administrative remedies.

### Adequacy of Appellants' Petition

Though we find the trial court did not lack subject matter jurisdiction over Appellants' constitutional claims, we must also consider each claim and whether Appellants adequately stated a claim for relief, as failure to state a claim was one of the bases raised in the City's motion to dismiss.[7] Austin, 389 S.W.3d at 171 (we affirm dismissal on any ground raised in motion to dismiss). Our task is not to weigh the factual allegations or decide whether Appellants would ultimately prevail on such claims, but

---

[7] We also note that the City's motion to dismiss contains a paragraph concluding that none of Appellants' claims are ripe or justiciable because the City had taken no adverse action against Appellants to enforce the Ordinance. The City did not go on to discuss this argument in any of its memoranda of law supporting its motion to dismiss, nor has it argued on appeal the trial court properly dismissed these claims because they were unripe. However, because the City included a ripeness argument in its initial motion to dismiss, we note that "[a]n injury need not have occurred prior to bringing a declaratory action; one of the main purposes of the remedy is to resolve conflicts in legal rights before a loss occurs." Northgate Apartments, L.P. v. City of North Kansas City, 45 S.W.3d 475, 480 (Mo. App. W.D. 2001) (quoting Ferguson Police Officers Ass'n v. City of Ferguson, 670 S.W.2d 921, 925 (Mo. App. E.D. 1984)) (determining plaintiffs' action, which sought declaration that ordinance authorizing condemnation of plaintiffs' property was invalid, was ripe). The City's motion to dismiss here cannot be sustained on the basis of ripeness.

14

rather to determine whether their petition sufficiently alleged the elements required for each claim. Thomas v. A.G. Elec., Inc., 304 S.W.3d 179, 183 (Mo. App. E.D. 2009). We conclude Appellants adequately stated claims in Counts III and IV of their petition.

First, in Count I, Appellants raised a claim under 42 U.S.C. § 1983 for a violation of a substantive due process right; specifically, interference with Appellants' right to control their property. Such a claim includes two elements: (1) "a protected property interest to which the Fourteenth Amendment's due process protection applies," and (2) "that the governmental action was 'truly irrational.'" Furlong Cos. v. City of Kansas City, 189 S.W.3d 157, 170 (Mo. banc 2006) (quoting Bituminous Materials, Inc. v. Rice County, Minn., 126 F.3d 1068, 1070 (8th Cir. 1997)). "Truly irrational" means "something more than . . . arbitrary, capricious, or in violation of state law." Furlong, 189 S.W.3d at 170 (quoting Chesterfield Devel. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104 (8th Cir. 1992)).

Here, the protected property interest asserted by Appellants was their right to control their property. The Fifth and Fourteenth Amendments to the United States Constitution provide that a person shall not be "deprived of life, liberty, or property, without due process of law." Lloyd Corp. v. Tanner, 407 U.S. 551, 567 (1972) (noting private property owner may preserve property under his or her control for lawful use). Appellants adequately pled a property interest protected by due process.

Regarding the second element, Appellants pled that the turf grass requirement of the Ordinance serves no legitimate purpose and infringes on their right to make harmless use of their property. Further, Appellants pled that the requirement of turf grass actually has harmful effects on the environment. Finally, Appellants pled that the turf grass

15

mandate costs Appellants their labor and financial resources to maintain and moreover is specifically harmful to Janice Duffner's health due to her allergy to grass pollen. While this certainly alleges that the turf grass requirement is arbitrary and unreasonable, for a federal action under 42 U.S.C. § 1983 to lie, Appellants must allege the higher standard of truly irrational conduct, and here they have not done so. See Frison v. City of Pagedale, 897 S.W.2d 129, 132 (Mo. App. E.D. 1995) (citing Chesterfield Dev. Corp., 963 F.2d at 1105) (noting "[e]ven a bad faith violation of state law does not rise to the level of a substantive due process violation"; affirming dismissal of petition alleging city refused to issue license to flea market out of retaliation toward plaintiff for unrelated action). Thus, Count I fails to state a claim upon which relief can be granted.

Count III is a takings claim, in which Appellants argue that the turf grass requirement of the Ordinance inhibits the use and enjoyment of their property such that it effects a taking of private property without just compensation. They argue whether the City's intention was to benefit the public generally, or to benefit private owners through "subsidiz[ing] residential property values," the City's conduct violates the Missouri Constitution. This is because Article I, Section 26 prohibits the taking of private property for public use, and Article I, Section 28 contains the same prohibition, but for private use. "[T]he United States Supreme Court has long recognized a regulation which goes too far is a taking." Schnuck Markets, Inc. v. City of Bridgeton, 895 S.W.2d 163, 167-68 (Mo. App. E.D. 1995). Construing Appellants' petition liberally, as is our task on review of a motion to dismiss, we find Appellants properly pled a claim for inverse condemnation resulting from the turf grass requirement of the Ordinance. See Mattingly v. St. Louis County, 569 S.W.2d 251, 252 (Mo. App. 1978) (petition alleging that plaintiffs' property

16

was taken or damaged by state for public use was sufficient to state claim of inverse condemnation).

Finally, Count IV is a claim that the City exceeded its statutory zoning power when it enacted the turf grass requirement as part of the Ordinance. Specifically, Appellants allege the City's actions exceeded the grant of power contained in Sections 89.020 and 89.040.[8] We find their petition sufficiently stated such a claim.

Section 89.020 contains the general police power:

> For the purpose of promoting health, safety, morals or the general welfare of the community, the legislative body of all cities . . . is hereby empowered to regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, the preservation of features of historical significance, and the location and use of buildings, structures and land for trade, industry, residence or other purposes.

The petition alleges that the requirement of a specific amount of land devoted to a specific type of plant is not included in the foregoing powers listed. This is a sufficient allegation that the City acted outside the scope of its authority, because where a statute delegates power, the City must act only within the limits of the power granted. See City of Louisiana v. Branham, 969 S.W.2d 332, 336 (Mo. App. E.D. 1998) ("Any valid exercise of such delegated [police] powers must conform to the terms of the statutory grant").

Section 89.040 then goes on to explain the permissible purposes of any regulations the City may enact in exercise of its police power, and includes such things as

---

[8] The petition quotes Section 89.040, but mistakenly refers to it as Section 89.030. Because the substance is set forth in the petition, which then goes on to claim that the City lacked any of the purposes enumerated in the statute, we consider the substance of Appellants' argument, which amounts to a complaint that the City acted outside the scope of authority granted in Section 89.040.

17

lessening congestion in streets, securing safety from fire and other dangers, promoting health and general welfare, among others. Appellants' petition names each purpose authorized in Section 89.040 and alleges that the turf grass mandate of the Ordinance is not designed to fulfill any of them. Appellants have sufficiently alleged that the City acted in excess of the grant of power in Sections 89.020 and 89.040, and thus Count IV states a claim for relief sufficient to survive a motion to dismiss.

## Conclusion

The trial court erred in determining that it lacked subject matter jurisdiction over Appellants' petition as a whole. Because certiorari does not lie to review claims regarding the validity of an ordinance, Appellants' Counts I, III, and IV, concerning the validity of the ordinance, properly sought to invoke the trial court's general plenary jurisdiction. However, because Count II was an attack on the decision of the Board, Appellants were required to follow the statutory procedure for judicial review contained in Section 89.110, and thus we affirm the trial court's dismissal of Count II.

Regarding the City's argument that nonetheless, the remaining counts failed to state a claim for relief, we agree regarding Appellants' substantive due process claim in Count I; specifically, that Appellants failed to plead facts that if true would establish the City's action was truly irrational. Thus, we affirm the trial court's dismissal of Count I, but for the reason that it failed to state a claim upon which relief could be granted.

Finally, while we make no judgment as to the merits of Appellants' arguments in Counts III and IV, they properly stated claims for relief. The trial court erred in dismissing those counts because no ground raised in the City's motion to dismiss

18

supports dismissal. We reverse the trial court's dismissal of Counts III and IV and remand to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

Gary M. Gaertner, Jr., Judge

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

19