

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| DOUBLE AA MARKET, LLC, | ) | No. ED112466 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 2322-CC01235 |
| | ) | |
| CITY OF ST. LOUIS, MO, | ) | Honorable Jason M. Sengheiser |
| | ) | |
| Respondent. | ) | Filed: November 5, 2024 |

### Introduction

Double AA Market, LLC appeals from the circuit court's judgment dismissing its declaratory judgment action against the City of St. Louis. On appeal, Double AA argues the circuit court erred in that Double AA adequately stated a claim for declaratory relief from the alleged unconstitutional practice of "aldermanic courtesy." Double AA further argues the circuit court erroneously concluded that Double AA's claim was not cognizable under Missouri law, which left Double AA without an adequate alternative remedy. Because Double AA failed to state a claim for which relief can be granted, we affirm the judgment of the circuit court.

### Factual and Procedural History

#### Facts

Double AA is a Missouri limited liability company, which owns a property in the City of St. Louis. Specifically, the property is located in a "F" Neighborhood Commercial District, where a convenience store is a conditional use requiring a conditional use permit.

Procedural History

Double AA applied for a conditional use permit for a convenience store to the City of St. Louis Board of Public Service. The Board of Public Service denied the conditional use permit. Double AA appealed to the Board of Adjustment, which also denied the permit.

Double AA then filed a petition in the circuit court for a writ of certiorari pursuant to Section 89.110.[1] In an amended petition, Double AA maintained its request for a writ of certiorari and added a second count seeking a declaratory judgment pursuant to Section 527.010, the Declaratory Judgment Act. Double AA alleged that the Board of Adjustment engaged in a practice called "aldermanic courtesy," pursuant to which the Board denied permits "solely on the basis of disapproval by an Alderman in whose ward the property in question is located." Double AA sought a declaratory judgment that the practice of aldermanic courtesy violates a variety of state laws, the Missouri constitution, and the United States Constitution. Double AA later dismissed the declaratory judgment count without prejudice in order to refile it as a separate action.

Double AA then filed a separate petition for declaratory judgment before the circuit court, in which it again challenged the City of St. Louis's alleged practice of aldermanic courtesy, pursuant to Section 527.010. The City moved to dismiss Double AA's petition for declaratory judgment. The City argued that Double AA failed to state a claim upon which relief could be granted because a writ of certiorari pursuant to Section 89.110 is the exclusive remedy for review

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), unless otherwise indicated.

of the Board of Adjustment's decision. The circuit court credited the City's argument and granted the motion to dismiss.

Double AA now appeals the circuit court's order and judgment.[2]

**Discussion**

Double AA raises two points on appeal. In its first point, Double AA argues the circuit court erred in granting the City's motion to dismiss because Double AA adequately stated a claim for declaratory relief in that the practice of aldermanic courtesy is unconstitutional. In its second point, Double AA argues the circuit court erroneously concluded that Double AA's declaratory judgment action is not cognizable due to the availability of certiorari proceedings.

<u>Standard of Review</u>

We review a circuit court's grant of a motion to dismiss *de novo*. *Goldsby v. Lombardi*, 559 S.W.3d 878, 881 (Mo. banc 2018). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Id.* (quoting *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo. banc 2002)). We must review Double AA's petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* (quoting *Smith v. Humane Soc'y of U.S.*, 519 S.W.3d 789, 798 (Mo. banc 2017)). "When considering whether a petition fails to state a claim upon which relief can be granted, this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader." *Cope v. Parson*, 570 S.W.3d 579, 583 (Mo. banc 2019) (quoting *Bromwell v. Nixon*,

---

[2] The circuit court's judgment granting the City's motion to dismiss is a final judgment subject to appeal because, pursuant to Section 512.020(5), "it disposed of all claims (or the last pending claim) in the lawsuit." *Jefferson Cnty. 9-1-1 Dispatch v. Plaggenberg*, 645 S.W.3d 473, 475 (Mo. banc 2022); *JWSTL, LLC v. Union Pac. R.R. Co.*, 686 S.W.3d 317, 321 (Mo. App. E.D. 2024).

361 S.W.3d 393, 398 (Mo. banc 2012)). "[T]his Court will affirm a judgment of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground." *Goldsby*, 559 S.W.3d at 881 (quoting *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 162 (Mo. banc 2016)). "If the motion to dismiss cannot be sustained on any ground alleged in the motion, the trial court's ruling will be reversed." *Id.* (quoting *Lang v. Goldsworthy*, 470 S.W.3d 748, 750 (Mo. banc 2015)).

Analysis

To resolve this appeal, we need only consider whether an adequate remedy at law was available to Double AA. Because Double AA could, and did, pursue a writ of certiorari, an adequate legal remedy was available to Double AA, and the circuit court did not err in dismissing Double AA's petition for declaratory judgment.

"A court may grant a declaratory judgment if presented with: (1) a justiciable controversy; (2) legally protectable interests; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law." *Payne v. Cunningham*, 549 S.W.3d 43, 48 (Mo. App. E.D. 2018). "Absent exceptional circumstances plainly appearing, a trial court may not use the Declaratory Judgment Act when an adequate remedy at law exists." *Id.* (quoting *Century Motor Corp. v. FCA US LLC*, 477 S.W.3d 89, 95 (Mo. App. E.D. 2015)). "When a declaratory judgment claim improperly invokes § 527.010 because an adequate remedy already exists, that declaratory judgment claim fails to state a cause of action." *Id.* (quoting *Shelter Mut. Ins. Co. v. Vulgamott*, 96 S.W.3d 96, 103 (Mo. App. W.D. 2003)).

In its petition for declaratory judgment and in its appellate brief, Double AA alleges that a declaratory judgment action pursuant to Section 527.010 is the correct vehicle to challenge the allegedly unconstitutional practice of aldermanic courtesy because Double AA has no adequate

remedy at law to challenge that practice. Double AA also has alleged, however, that the Board of Adjustment's decision denying the conditional use permit was arbitrary, capricious, and unreasonable, and was reviewable under Section 536.150, the Administrative Procedure and Review Act.

Section 536.150.1 states, in relevant part:

When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action . . .

Essential for review under Section 536.150 is that the underlying decision is not subject to administrative review and "there is no other provision for judicial inquiry into or review of such decision." *Id.*; *State ex rel. Nance v. Bd. of Trustees for Firefighters' Ret. Sys. of Kansas City, Mo.*, 961 S.W.2d 90, 93 (Mo. App. W.D. 1998). This provision of the Administrative Procedure and Review Act closely mirrors the requirement of the Declaratory Judgment Act that there is an inadequate remedy at law. *Payne*, 549 S.W.3d at 48. "[W]here an agency's decision is reviewable by writ of certiorari, then resort to the Administrative Procedure and Review Act is not required, and, by its own terms, Section 536.150.1 does not apply." *Bd. of Trustees for Firefighters' Ret. Sys. of Kansas City, Mo.*, 961 S.W.2d at 93.

Here, Section 89.110 provides specifically for judicial review of decisions of the Board of Adjustment via a writ of certiorari:

Any person or persons jointly or severally aggrieved by any decision of the board of adjustment . . . may present to the circuit court of the county or city in which the property affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in

5

the office of the board. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review such decision of the board of adjustment.

Because Section 89.110 provides for judicial review of decisions of the Board of Adjustment, Section 536.150, by its own terms, does not apply. *Duffner v. City of St. Peters*, 482 S.W.3d 811, 816–17 (Mo. App. E.D. 2016); *Bd. of Trustees for Firefighters' Ret. Sys. of Kansas City, Mo.*, 961 S.W.2d at 93.

Likewise, because Section 89.110 provides an adequate remedy at law, Section 527.010, the Declaratory Judgment Act, does not apply. "Section 89.110 provides a means for parties aggrieved by a decision of the Board to file a petition for writ of certiorari 'setting forth that such decision is illegal, in whole or in part, [and] specifying the grounds of the illegality.' Claims of illegality include claims that the Board's decision violates the Constitution." *Duffner*, 482 S.W.3d at 820 (quoting Section 89.110) (alteration in original). Double AA thus may not invoke Section 527.010 in pursuit of a declaratory judgment that the Board's decision is illegal or unconstitutional. *See Duffner*, 482 S.W.3d at 816–17.

Indeed, Double AA does not deny that a writ of certiorari pursuant to Section 89.110 is the proper statutory remedy for judicial review of the Board's decision. Instead, Double AA attempts to separate the certiorari proceeding from the declaratory judgment action, arguing the latter does not challenge the Board's decision but more generally challenges the City's practice of aldermanic courtesy. Even if Section 89.110 was not the exclusive remedy available to it, Double AA could not otherwise state a claim for a declaratory judgment pursuant to Section 527.010. Beyond Double AA's challenge to the Board's decision via the certiorari proceeding, Double AA fails to demonstrate a justiciable controversy, a legally protectable interest, or a question ripe for judicial determination, as required for a declaratory judgment. *See Payne*, 549 S.W.3d at 48.

6

First, a justiciable controversy "refers to a real, substantial, presently existing controversy admitting of specific relief." *Parker v. Castle View Country Club, Inc.*, 690 S.W.3d 918, 920 (Mo. App. S.D. 2024). Second, "[a] legally protectible interest involves a pecuniary or personal interest directly in issue or jeopardy, which is subject to some consequential relief, immediate or prospective." *Id.* The requirement of a legally protectible interest, part of the standing doctrine, *see Ste. Genevieve Sch. Dist. R II v. Bd. of Aldermen of City of Ste. Genevieve*, 66 S.W.3d 6, 10 (Mo. banc 2002), requires the party to have a direct personal stake in the litigation. *Parker*, 690 S.W.3d at 920. Third, "[r]ipeness requires the declaration sought to present a question appropriate and ready for judicial determination." *Id.*

In its briefing and at oral argument, Double AA concedes its standing flows from the Board's denial of a conditional use permit and Double AA has not otherwise been damaged by the City's alleged practice of aldermanic courtesy. Suffice it to say Double AA's allegation that, aside from the Board's decision, the City of St. Louis somehow employs the practice of aldermanic courtesy in an unspecified way not directly impacting Double AA does not present a justiciable controversy, a legally protectible interest of Double AA, or a question ripe for this Court's determination.

Finally, as already explained, Double AA has an adequate remedy at law. *See Payne*, 549 S.W.3d at 48. Double AA's acknowledgement that a writ of certiorari pursuant to Section 89.110 is the proper remedy at law to challenge the Board of Adjustment's decision makes clear that Double AA's declaratory judgment action pursuant to Section 527.010 is an impermissible collateral attack on the Board's decision. *See Duffner*, 482 S.W.3d at 816. A writ of certiorari under Section 89.110 is the exclusive avenue to challenge the Board of Adjustment's decision,

including the allegedly unconstitutional practice of aldermanic courtesy and any influence it had on that decision. *Id.*

In its petition for declaratory judgment, Double AA failed to state a claim for which relief can be granted. The circuit court therefore did not err in dismissing the petition. *See Payne*, 549 S.W.3d at 48; *Shelter Mut. Ins. Co.*, 96 S.W.3d at 103.

Points I and II are denied.

## Conclusion

We affirm the circuit court's judgment dismissing Double AA's petition for declaratory judgment.


Cristian M. Stevens, J.

James M. Dowd, P.J., and
Angela T. Quigless, J., concur.