**UNITED REALTY COMPANY,**
Plaintiff-Respondent,

v.

**Ellis S. OUTLAW et al., Defendants-Appellants.**

No. 36023.

Missouri Court of Appeals,
St. Louis District,
Division No. 2.

March 4, 1975.

Rehearing Denied April 14, 1975.

Ellis S. Outlaw, St. Louis, Harrison W. Hollie, Alton, Ill., for defendants-appellants.

Sigoloff & Sigoloff, St. Louis, for plaintiff-respondent.

## MEMORANDUM OPINION

STEWART, Judge.

Plaintiff, the owner of an apartment building which is across the alley from property owned by defendants, obtained a mandatory injunction ordering defendants to remove a wall which defendants had constructed across an easement on defendants' property. Defendants appeal from this judgment.

It is conceded that one of defendants' predecessors in title created an easement by grant in writing to plaintiff's predecessors in title for the "use and benefit of the present and future owners" of the two tracts of land "their heirs and assigns". The property was conveyed to defendants subject to the easement.[1] Defendants sought to avoid the effect of the written grant of the easement with the contention that the easement had been abandoned. Ordinarily a written easement agreement is not lost by nonuser. Franck Bros., Inc. v. Rose, 301 S.W.2d 806 (Mo.1957).

We have reviewed the record and find no evidence which would warrant a finding that the easement had been abandoned. The judgment of the trial court is not erroneous and no error of law appears. The case above cited is controlling. A full opinion would have no precedential value.

We affirm in compliance with Rule 84.-16(b).

SMITH, C. J., and KELLY, J., concur.

---

1. It would serve no purpose to set out the easement in detail because there is no question as to the description and location of the easement.