Junior C. STROUP and Eula Mae Stroup, Plaintiffs-Appellants,

v.

Noel C. JOHNSON and Mrs. Noel C. Johnson, Defendants-Respondents.

No. 36926.

Missouri Court of Appeals, St. Louis District, Division One.

July 13, 1976.

Charles G. Hyler, Farmington, for plaintiffs-appellants.

Guilfoil, Symington & Petzall, J. J. Shoemake, St. Louis, for defendants-respondents.

WEIER, Presiding Judge.

This is an appeal from a judgment for defendants Mr. and Mrs. Noel C. Johnson on a suit filed by plaintiffs Mr. and Mrs. Junior C. Stroup to quiet title in a 15 foot wide easement used as a passageway for livestock across the highway frontage of plaintiffs' land. Plaintiffs contend this easement terminated in 1929 when Mr. and Mrs. William A. Smith sold the land to which it attached, and therefore defendants own no interest in the property. We affirm the decision of the trial court.

All of the land involved in the dispute was originally owned by Mr. and Mrs. Smith. In 1921 they granted an eighty-three acre tract to Frank W. and Henry E. Bieser, plaintiffs' remote predecessors in title. In that deed the following reservation is contained:

"First parties reserve for themselves a strip of land 15 feet wide along the South side of the above mentioned County Road, beginning at the North West corner of the above mentioned Eighty (80) acres, and extending in a Northeastwardly direction to a point opposite the East abutement (sic) of a Concrete Bridge, across the said County Road, which bridge was built large enough to permit of the passage of stock under said road, and the strip of land hereby reserved is to be held by first parties, as a passage-way for stock between the tract of land lying on the North side of the road, and the tract in the Northwest Quarter of the Southwest Quarter of Section Twenty-Eight (28) now held by first parties so long as they own both tracts as above mentioned, and should they sell either of the above mentioned tracts, so that they do not require the use of this 15 foot strip as a passage-way for stock, then the title to the same shall pass to and be vested in second parties, their heirs or assigns."

In 1929 Mr. and Mrs. Smith conveyed their remaining land to Rosa B. Manley through whom defendants claim title. The 1929 deed specifically mentions the easement as a part of the conveyance. At the time of the trial of this case, defendants Johnson owned 35 acres on the north side and 50 acres on the south side of the county road. The easement commenced at the northeast corner of the 50 acre tract. This corner is south of the road and across from the southwest corner of the 35 acre tract. The easement extended eastwardly across the north side of the 9.677 acre Stroup tract adjacent to the south side of the county road to a bridge on the road. This bridge, used as an underpass, furnished a way for the stock to travel north to the 35 acre tract from the east end of the easement.

As stipulated at trial, the only issue to be resolved was whether the reservation of the easement in the 1921 deed from Smith to Bieser created an easement which in turn was conveyed through a chain of title to defendants Johnson.

Plaintiffs assert the easement was determinable on the condition that Mr. and Mrs. Smith should sell either or both of their tracts of land connected by the passageway. Under this interpretation, the easement terminated when the Smiths sold the tracts on both sides of the road to Manley in 1929. Defendants claim the easement has not terminated since the condition expressed when the easement was created is that it would terminate when either of the tracts should be sold without the other "so that they [the owners of the easement] do not require the use of this 15 foot strip as a passage-way" between separate parts of their land. All of the grantees of the reserved estate including defendants have owned the land on both sides of the highway which the easement connects. Defendants maintain the condition which terminates the easement has not occurred because they still own tracts on both sides of the road and need this easement to move cattle between their fields. The only point plaintiffs raised in this appeal is that the trial court improperly interpreted the reservation in the 1921 deed.

In interpreting the meaning of a clause in a deed reserving an easement, a consideration of the clause as a whole will be made with the intent of the parties controlling. *Stotzenberger v. Perkins*, 332 Mo. 391, 58 S.W.2d 983, 986[2] (1933); 154 A.L.R. 11. The fact that the word "heirs" is not included in the reservation does not prevent the easement from being appurtenant to the land. *Stoutimore v. Quincy O. & K. C. R. Co.*, 215 Mo.App. 194, 256 S.W. 121, 123[1] (1923); 28 C.J.S. Easements § 29, p. 685; see § 442.460, RSMo 1969. In *Winthrop v. Fairbanks*, 41 Me. 307, 312–313 (1856) [cited with approval in *Snoddy v. Bolen*, 122 Mo. 479, 25 S.W. 932, 933 (banc 1894)] a right-of-way for the passage of cattle between non-adjacent fields was reserved in the grantor himself. The *Winthrop* court, however, held that because the right-of-way was intended for the benefit of the grantor's lands and was annexed as appurtenant thereto, the easement could be passed by deed. It is clear that the Smiths reserved an appurtenant easement. Their

land was benefited by this passage-way connecting the fields. Without the easement they would have difficulty in moving livestock between the fields separated by the roadway.

■ An appurtenant easement attaches to and passes with the conveyance of the land even though it may not be specifically mentioned in the transfer. *Beldner v. General Electric Company*, 451 S.W.2d 65, 75[6–9] (Mo.1970). When the Smiths conveyed the dominant tenement to Manley in 1929, they conveyed the easement as part of the grant. Defendants Johnson, as owners of the two tracts separated by the road, are owners of the easement for the passage of stock, terminable if they sell either tract so they do not require the use of the easement. It will not be terminable by mere nonuser. *United Realty Co. v. Outlaw*, 522 S.W.2d 100, 101 (Mo.App.1975).

The judgment is affirmed.

McMILLIAN and RENDLEN, JJ., concur.