Harold and Elsie TURNBULL,
Respondents,

v.

CAR WASH SPECIALTIES,
LLC, Appellant.

No. ED 90310.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 9, 2008.

James D. Burlison, Troy, MO, for Respondents.

Lee R. Elliott, Troy, MO, for Appellant.

Philip E. Morgan, Jr., Regional Counsel, Chesterfield, MO, for Third Party Defendant/Respondents.

## OPINION

GLENN A. NORTON, Judge.

Car Wash Specialties, LLC appeals from the judgment of the trial court finding in favor of Harold and Elsie Turnbull on their declaratory judgment action, and in favor of the Turnbulls on Car Wash Specialties' counterclaim for breach of contract. We reverse and remand.

## I. BACKGROUND

In 1975, the Turnbulls acquired a tract of land in Troy, Missouri totaling approximately fifty acres (the "Tract"). In the late 1980s, the Turnbulls, along with business partners Richard and Sharon Crouch, built and began running a car wash on the Tract. In September 1986, the Turnbulls, as lessors of the Tract, entered into a lease agreement (the "Lease") with themselves and the Crouches as lessees. A survey, which was performed prior to the execution of the Lease, was used as the legal description for the Tract in the Lease. Although neither the survey nor the Lease refers to any easements for ingress or egress, the lessees had access to the car wash via a right-of-way to Highway 47, which ran along the south boundary of the Tract. The Turnbulls owned the property on the Tract's east, north and west boundaries and eventually a northern access to the car wash was created.

By way of assignments, extensions and modifications to the Lease, Car Wash Specialties and the Turnbulls are the present lessees of the Tract, and the Turnbulls remain the lessors. Following the assignment of the Lease to Car Wash Specialties, the Turnbulls indicated their desire and intention to move the entrance of the car wash to the east of the structure. The Turnbulls filed the instant declaratory judgment action against Car Wash Specialties seeking a ruling of the court on the question of whether the Turnbulls can change the current access to the car wash from the north side of the Tract to a right-of-way on the east side.[1]

Subsequently, the trial court set the declaratory judgment action for a bench trial, over Car Wash Specialties' objection, and set the breach of contract counterclaim for a jury trial. Both trials were set for the same day. Upon the close of all the evi-

---

1. The trial court, upon Car Wash Specialties' motion, added the Missouri Highway and Transportation Commission (the "Commission") as an indispensable party, and the Commission became a third-party defendant. Thereafter, Car Wash Specialties filed a counterclaim against the Turnbulls asserting a claim for breach of contract. The counterclaim alleged that the Tract contained two points for ingress and egress to the car wash, and that the Turnbulls' proposed denial of such access was a breach of the Lease. The Commission filed a motion for summary judg-

ment, which was granted in favor of the Commission.

The Commission was initially named as a Respondent in this appeal; however, counsel for Car Wash Specialties filed a motion for dismissal of the Commission in our Court, which was granted. Therefore, Car Wash Specialties' third point relied on, which argues that the trial court erred in granting summary judgment in favor of the Commission and in dismissing the Commission from the suit, is deemed abandoned.

dence, Car Wash Specialties restated its objection to the trial court's refusal to submit the declaratory judgment action to the jury. Nevertheless, the trial court entered declaratory judgment in favor of the Turnbulls, allowing them to change the car wash access from the north and south sides of the Tract to the east side. The trial court dismissed the jury, finding that upon entry of declaratory judgment in favor of the Turnbulls, no factual issues remained for the jury's determination. The trial court then granted a directed verdict in favor of the Turnbulls on Car Wash Specialties' breach of contract counterclaim. Car Wash Specialties appeals.

## II. DISCUSSION

### A. Car Wash Specialties was Improperly Denied its Statutory Right to a Jury Trial on the Factual Issues Relevant to the Declaratory Judgment Action

In its first point on appeal, Car Wash Specialties argues that the trial court erred when, rather than submitting the issues to the jury, it entered judgment for the Turnbulls on their declaratory judgment action when Car Wash Specialties had requested a jury trial and there was a pending counterclaim for breach of contract arising out of the same facts. Car Wash Specialties asserts that it was improper for the trial court to set the declaratory judgment action for a bench trial because the action involved the determination of certain disputed factual issues.

As stated above, the trial court severed the causes of action to be tried, setting the declaratory judgment action for a bench trial and the breach of contract counterclaim for a jury trial, albeit the trials were held the same day. Car Wash Specialties objected to the trial court's severance of the causes, and specifically to the trial court's refusal to submit the case to the jury for findings on the disputed issues, both prior to trial and at the close of all the evidence. The trial court did not accept Car Wash Specialties' argument that it was entitled to have a jury determine the factual issues relevant to the declaratory judgment action. Instead, the trial court treated the declaratory judgment action as a one in equity and determined that Car Wash Specialties had no right to a jury trial on this cause.

Missouri's constitutional right to a trial by jury does not apply to equitable causes of action. *State ex rel. Leonardi v. Sherry,* 137 S.W.3d 462, 474 (Mo. banc 2004). Historically, declaratory judgment actions have been governed by equitable principles. *Preferred Physicians Mutual Management Group, Inc. v. Preferred Physicians Mutual Risk Retention Group,* 916 S.W.2d 821, 823 (Mo.App. W.D.1995). The trial court in this case relied on these principles in determining that Car Wash Specialties was not entitled to a jury trial on the declaratory judgment action.

However, Missouri case law explains that declaratory judgment is *sui generis,* and is neither legal nor equitable. *Id.* Furthermore, "the [Missouri] constitution eliminated any separate legal or equitable jurisdiction." *State ex rel. Leonardi,* 137 S.W.3d at 471. Labeling an action as "equitable" or "legal" typically refers to the type of relief being sought, but does not necessarily foreclose a party's right to trial by jury. *Id.* Moreover, the right to a jury trial is not exclusively determined by the constitution or by common law practice. *Miller v. Russell,* 593 S.W.2d 598, 605 (Mo.App. W.D.1979). "Both by statutes and by judicial interpretation, jury trials have been made available in expanded areas beyond those protected by the constitutional guarantee." *Id.* In fact, "[i]t was not intended that the action for de-

claratory judgment should interfere with the existing right of a trial of the facts by jury." *K.D.R. v. D.E.S.,* 637 S.W.2d 691, 694 (Mo. banc 1982) (internal quotations omitted). Accordingly, the Declaratory Judgment Act provides that "[w]hen a proceeding under [the Act] involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." Section 527.090 RSMo 2000. Thus, in a trial on a petition for declaratory judgment, the court must determine what issues should be tried to the court and what issues should be reserved for the jury's determination. *State ex rel. Leonardi,* 137 S.W.3d at 472.

■ In this case, the trial court summarily denied Car Wash Specialties' request for a jury trial in the declaratory judgment action. In so doing, the court relied solely on its characterization of declaratory judgment as an equitable action and failed to recognize that, in order to decide whether the Turnbulls were entitled to declaratory relief, certain factual determinations must first be made.

In this case, the Turnbull's petition for declaratory judgment alleges that "There are no easements to the Leased Tract for ingress or egress purposes, either of record or not of record." The petition also alleges that "the principal manner of in-

gress and egress to and from the Leased Tract was along the Right–of–Way line of Missouri Highway 47." The Turnbulls' petition seeks a declaration that they are "legally permitted to provide an easement acceptable to the State of Missouri which will give [Car Wash Specialties] and its employees, agents and invitees access in a safe manner between the Leased Tract and Turnbull Trail to Missouri Highway 47 and North Lincoln Drive." The petition further requests a declaration of the rights and other legal relations of the parties pursuant to the Lease.

■ In response to the petition for declaratory judgment, Car Wash Specialties argues that there was an implied easement for ingress and egress pursuant to the Lease, and therefore the Turnbulls may not change the current access to the Tract. Thus, in order to determine the rights of the parties under the Lease, the court must determine whether there was an implied easement to the Tract, and if so, whether such easement may be terminated. Both determinations require specific factual findings.[2] Pursuant to section 527.090, Car Wash Specialties is entitled to have such factual questions submitted to the jury for its determination. After the jury has made the necessary findings of fact, the trial court can properly determine the rights of the parties under the Lease, and enter declaratory judgment accordingly. *See Fidelity & Casualty Company of New York v. Western Casualty & Surety*

---

2. In order to establish an implied easement, a party must show:
   (1) unity and subsequent separation of title; (2) obvious benefit to the dominant estate and burden to the servient portion of the premises existing at the time of the conveyance; (3) use of the premises by the common owner in the altered condition long enough before the conveyance under such circumstances as to show that the change was intended to be permanent; and (4) reasonable necessity for the easement.

*Russo v. Bruce,* 263 S.W.3d 684, 687 (Mo. App. S.D.2008) (internal quotations omitted). Easements may be terminated upon the showing of certain facts, for example, the cessation of necessity, or alterations in the dominant estate. *See Stroup v. Johnson,* 539 S.W.2d 711 (Mo.App.1976) (cessation by necessity); *Allen v. Smith,* 375 S.W.2d 874 (Mo.App. 1964) (alterations in the dominant estate).

*Co.,* 337 S.W.2d 566, 574 (Mo.App.1960) (stating that the jury's verdict in a declaratory judgment action "is the same as the verdict in other civil actions, and the court's action in incorporating the verdict in its decree does not change the verdict into a finding by the court that we may review as in equity matters.")

The trial court erred when it failed to submit to the jury the factual issues to be determined in the declaratory judgment action. Accordingly, the court's judgment must be reversed and remanded for a new trial. Point one is granted.

### B. The Trial Court Erred in Directing a Verdict in Favor of the Turnbulls on Car Wash Specialties' Breach of Contract Counterclaim

In its second point on appeal, Car Wash Specialties argues that the trial court erred in granting a directed verdict in favor of the Turnbulls on Car Wash Specialties' counterclaim for breach of contract. Car Wash Specialties argues that its counterclaim was supported by sufficient evidence and therefore should have been submitted to the jury.

When reviewing a trial court's judgment granting a motion for a direct verdict in favor of a counterclaimant, we must determine whether the defendant made a submissible case on its counterclaim. *Intertel, Inc. v. Sedgwick Claims Management Services, Inc.,* 204 S.W.3d 183, 199 (Mo.App. E.D.2006). We will review the evidence in the light most favorable to the counterclaimant, giving the counterclaimant the benefit of all reasonable inferences. *Id.* "A presumption is made in favor of reversing the trial court's grant of a directed verdict unless the facts and any inferences from those facts are so strongly against the [counterclaimant] as to leave no room for reasonable minds to differ as to the result." *Id.*

In entering a directed verdict in favor of the Turnbulls on Car Wash Specialties' counterclaim, the court indicated that its ruling on the declaratory judgment action left nothing for the jury to decide. Simply put, the court, without relying on findings of fact by a jury, declared that the Turnbulls had the right to change the access to the Tract and based on this declaration, determined that the Turnbulls could not be found to be in breach of the Lease. Thus, the court believed that its ruling on the declaratory judgment action foreclosed the breach of contract counterclaim.

Car Wash Specialties argues on appeal that it made a submissible case on its counterclaim for breach of contract. Specifically, Car Wash Specialties claims that it provided evidence of each of the four elements necessary to show an implied easement by necessity. *See Russo, supra.* Car Wash Specialties further claims that this implied easement creating a north access was part of the conveyance contained in the Lease, that the deprivation of that access was a breach of the lease, and that the breach caused it damage. Thus, Car Wash Specialties argues that its breach of contract counterclaim should have been submitted to the jury.

Our review of the transcript reveals that the trial court was concerned about the possibility of an inconsistent verdict:

> [COURT]: If I issue a declaratory judgment, … and if I allow the breach of contract claim to go to the jury and they find a breach, wouldn't that be inconsistent?

The trial court made no finding that Car Wash Specialties failed to make a submissible case on its counterclaim for breach of contract. In fact, the trial court's stated concern regarding an inconsistent verdict seems to support Car Wash Specialties'

argument that a submissible case was made.

Because we find above that Car Wash Specialties was entitled to a jury determination of the factual issues relevant to the Turnbulls' petition for declaratory judgment, and therefore remand for a new trial, the stated basis upon which the trial court granted a directed verdict in favor of the Turnbulls no longer exists. Viewing the facts in the light most favorable to Car Wash Specialties, we are unable to find that the facts are so strongly against Car Wash Specialties "as to leave no room for reasonable minds to differ as to the result." *Intertel, Inc.* 204 S.W.3d at 199. Accordingly, we reverse the judgment on Car Wash Specialties' breach of contract counterclaim and remand for a new trial. Point two is granted.

### III. CONCLUSION

Based on the foregoing, we reverse and remand the trial court's judgment for further proceedings consistent with this opinion.

NANNETTE A. BAKER, C.J. and CLIFFORD H. AHRENS, J., concur.