Lisa Van Amburg, Judge
Aaron Payne and Dominic Petrulli (Appellants) appeal the trial court's directed verdict in favor of Wayne Cunningham and Southtown Dodge, Inc. (Sellers) in this contract dispute involving the sale of the dealership. We reverse and remand.
Background
In 2016, the parties negotiated a Stock Purchase Agreement (SPA) by which Sellers would sell Southtown Dodge to Appellants and their colleague Curtis Pratt (collectively Buyers) in two phases. First, Buyers were to purchase 21% of the dealership for $500,000 cash. Second, and only after the dealership's debt was paid down to a specific amount, Buyers would acquire the remaining 79% for $3 million pursuant to a promissory note secured by the shares. For both phases, Buyers' respective equity holdings were to be 49% for Payne, 36% for Petrulli, and 15% for Pratt. The closing for phase one was to occur May 31. Deliverables at closing included a shareholders' agreement, employment agreements for Buyers and Cunningham, a lease amendment, stock certificates, and the purchase price. However, on May 31, Buyers still hadn't secured financing to pay the purchase price and needed additional time to do so. As a result, on that date, the parties executed the SPA and *46 closing documents, Cunningham signed the share certificates, and all were placed in escrow with Sellers' counsel pending payment. The parties dispute whether and to what extent Cunningham agreed to extend the time for payment. Appellants claim that Cunningham granted them an undefined extension (the "escrow agreement") and then refused Payne's offer to write a check on June 27. Sellers expressly rescinded the entire transaction by email later that day (June 27). Buyers tendered a cashier's check July 18; Sellers rejected it.
Appellants filed a petition for declaratory and equitable relief[1] alleging breaches of contract (specifically the SPA and the escrow agreement) and seeking a declaration of rights and injunctive relief. Appellants amended the petition twice, eliminating the words "for declaratory and equitable relief" from the title and adding prayers for damages and specific performance. Before trial, the court requested clarification as to the nature of Appellants' cause of action. The exchange included the following excerpts (redacted for brevity).
Court: What are we proceeding on? ... So now you are saying you are proceeding under declaratory judgment because on Friday you said you weren't.
Counsel: ... It's a claim for specific performance, and we do want you to declare the parties' rights and obligations under the contract.
Court: But are we doing a declaratory judgment?
Counsel: Yes, your Honor.
Court: ... How did you plan on proceeding here?
Counsel: So, the factual issues are for a jury to decide, and, if they return a verdict in favor of the plaintiffs, then it is up to you to grant the relief that you deem appropriate. ... At its core, this case is a breach of contract claim, Judge. ... Under the equitable clean-up doctrine, you do the remedy consistent with the factual findings of the jury.
Court: I'm trying to figure out what you would be asking the jury to decide as it relates to declaratory judgment.
Counsel: To decide whether or not the contract was wrongfully terminated.
Court: Isn't that like a breach of contract?
Counsel: Correct. That's what we've pleaded.
The parties proceeded to trial, where Appellants sought to prove the existence of the escrow agreement, specifically that Cunningham gave Buyers an undefined extension of time to secure financing. At the close of Appellants' evidence, Sellers moved for directed verdict on the basis that Appellants failed to make a submissible case for declaratory judgment by failing to show that they had no adequate remedy at law. Appellants insisted that the claim was for breach of contract where monetary damages were inadequate, warranting a declaration of rights and specific performance. After a lengthy debate, the *47 trial court granted Sellers' motion for directed verdict, reasoning that Appellants merely asserted a breach of contract claim, so declaratory judgment was improper. However, the court denied Sellers' motion for attorney fees as the prevailing party under the SPA.
Appellants assert that the trial court erred in that: (1) they have no adequate remedy at law because Pratt was a necessary party and refused to join Appellants' suit for breach of contract, (2) they had no adequate remedy at law because the transaction required ongoing collaboration with Sellers, (3) they made a submissible case for breach of contract warranting specific performance, particularly in that monetary damages are inadequate, and (4) they are entitled to a jury trial on factual issues under § 527.090 RSMo (2016). Sellers cross-appeal and assert that the trial court erred in denying their motion for attorney fees.
Standard of Review
Neither party briefs this court's standard of review as required by Rule 84.04(e). The following principles guide our analysis. "In determining whether or not a declaratory judgment should be entertained, the trial court is afforded considerable discretion." Barron v. Shelter Mut. Ins. Co. , 220 S.W.3d 746, 747 (Mo. 2007). "The trial court is afforded wide discretion in administering the provisions of the declaratory judgment act." Schaefer v. Koster , 342 S.W.3d 299, 300 (Mo. 2011) (affirming dismissal of petition for declaratory judgment where plaintiff had adequate remedy at law).
"In reviewing a trial court's judgment granting a motion for directed verdict, we must determine whether the plaintiff made a submissible case." Saunders v. Baska , 397 S.W.3d 44, 47 (Mo. App. W.D. 2013). "In so doing, we view the evidence and permissible inferences in the light most favorable to the plaintiff, disregarding all contrary evidence and inferences." Id. "A plaintiff presents a submissible case by presenting substantial evidence to establish each element of his claim." Id. Directing a verdict is a drastic remedy; a presumption is made in favor of reversing the trial court's grant of a directed verdict unless the facts and inferences are so strongly against the plaintiff as to leave no room for reasonable minds to differ. Lane House Constr., Inc. v. Triplett , 533 S.W.3d 801, 803 (Mo. App. E.D. 2017). "If a plaintiff makes a submissible case on any cause of action pleaded, a directed verdict is improper." Saunders , 397 S.W.3d at 44.
Declaratory Judgment
The Declaratory Judgment Act authorizes trial courts "to declare rights, status, and other legal relations whether or not further relief is or could be claimed." § 527.010; Rule 87.02(a). The purpose of the Act is remedial, "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."§ 527.120. Parties to a contract may invoke the Act to "have determined any question of construction or validity" and "obtain a declaration of rights." § 527.020. When a proceeding under the Act involves factual determinations, those issues may be tried in the same manner as in other civil actions. § 527.090 ; Rule 87.06.
However, "declaratory judgment is not a general panacea for all real and imaginary legal ills, nor is it a substitute for all existing remedies, and it should be used with caution." Century Motor Corp. v. FCA US LLC , 477 S.W.3d 89, 95 (Mo. App. E.D. 2015). A court may refuse to enter declaratory judgment when it wouldn't terminate the uncertainty or controversy giving rise to the proceeding. § 527.060; Rule 87.07. "A petition seeking *48 declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract." Cincinnati Casualty. Co. v. GFS Balloons , 168 S.W.3d 523, 525 (Mo. App. E.D. 2005).
A court may grant a declaratory judgment if presented with: (1) a justiciable controversy; (2) legally protectable interests; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law. Century Motor Corp. , 477 S.W.3d at 95. "Absent exceptional circumstances plainly appearing, a trial court may not use the Declaratory Judgment Act when an adequate remedy at law exists." Cincinnati Casualty , 168 S.W.3d at 525. "When a declaratory judgment claim improperly invokes § 527.010 because an adequate remedy already exists, that declaratory judgment claim fails to state a cause of action." Shelter Mut. Ins. Co. v. Vulgamott , 96 S.W.3d 96, 103 (Mo. App. W.D. 2003).
Motion Hearing
Relying on the foregoing edicts, Sellers moved for directed verdict at the close of Appellants' evidence, arguing that Appellants improperly invoked the Declaratory Judgment Act because they simply alleged a breach of contract for which they had an adequate remedy at law. A lengthy debate ensued (redacted).
Sellers: [Appellants] should have brought a breach of contract claim over the stock purchase agreement. They didn't do so. And for that reason, Judge, they failed to prove that there's [no] adequate remedy at law. ... Specific performance is a contractual-based remedy.
Appellants: We did plead a breach of contract. That's what the fundamental cause of action is. So specific performance and declaratory relief are the relief sought.
Sellers: It's well-settled that declaratory relief is not proper where the real cause of action is an action for breach of contract.
Court: Yeah, how is this not a breach of contract case?
Appellants: It is. I've been saying that all along.
Court: I know, but what do we need declaratory judgment for? Don't you just need to prove that there's a breach? ... That's your cause of action, right?
Appellants: In a nutshell.
Court: So isn't that a breach of contract? What exactly am I declaring, or what exactly would the jury be declaring?
Appellants: The jury is going to be required to make factual findings that support the breach.
Court: I understand. But isn't it a breach of contract case then?
Appellants: It is.
Court: ... But you're calling it a declaratory judgment.
Appellants: No, that's the relief sought-one of the forms of relief sought for the breach. ... Declaratory judgment is just declaring ... what the rights of the parties are under the agreement.
Sellers: ... [Appellants] failed to prove an essential element of their case. I think we're entitled to directed verdict.
Appellants: ... [Sellers claim] as a matter of law [that] we're not entitled to declaratory relief. They don't even address in their motion the claim for specific performance. ... Here, there is no legal remedy because we're dealing *49 with stock certificates. ... [Sellers'] motion [is] maybe to strike our claim for declaratory relief, but ... [it] is not an attack on the evidence in the case to support our claim for breach of contract.
Court: So this is a breach of contract claim.
Appellants: I've always agreed with that.
Court: Then, if it's a breach of contract claim, why are we here in front of a jury? Because you said on Monday morning that it's a declaratory judgment action.
Appellants: Yeah, Judge. I believe we have one. I mean, if you strike the claim for declaratory relief, we're still here.
Court: What are we doing then?
Appellants: Have the jury make the factual findings ... on the breach of contract claim.
Court: You told me yesterday that you were not proceeding on the breach of contract claim.
Appellants: No, I didn't. I said we weren't seeking damages as a remedy.
Court: This is nothing more than a breach of contract claim. The declaration sought would establish nothing more than a breach of contract. ... If it's a breach of contract claim, then it would not be in front of a jury.
Sellers: This is dispositive of the entire case. There's been one count asserted. Monday it was clarified that it was declaratory judgment.
Court: Yes. It wasn't identified. The local rule requires if you have two counts you're supposed to identify them.[2]
Appellants: It's always been one count for breach of contract that sought two forms of relief: declaratory relief and specific performance. ... [Sellers' motion for directed verdict] says ... that we haven't [shown] that there's [no] adequate remedy at law. ... Yes, we have. ... Rule 87.01 [says] no claim is objectionable because you prayed for declaratory relief.
Court: It's my understanding we were proceeding under declaratory judgment and, because of these cases [referring to Century Motor and Cincinnati Casualty ], I'm going to grant the motion for directed verdict.
Analysis
As depicted by the transcript, confusion lay as to the nature of Appellants' petition-a single untitled count alleging breach of contract and requesting declaratory relief and specific performance-and whether it warranted a jury trial. "In testing the sufficiency of a petition purporting to state a claim for declaratory relief, the question is not whether the petition shows that plaintiff is entitled to the declaratory relief he seeks in accordance with the theory he states; rather, it is whether, under the averments of his petition, he is entitled to a declaration of rights at all." Dujakovich v. Carnahan , 370 S.W.3d 574, 577 (Mo. 2012), quoting City of Creve Coeur v. Creve Coeur Fire Protection Dist. , 355 S.W.2d 857, 859 (Mo. 1962). A petition for declaratory relief may seek additional relief. § 527.010; Rule 87.02(a); City of Creve Coeur, at 859. Supplemental relief based on a declaratory judgment may be granted whenever necessary or proper. § 527.080; State ex rel. Hawley v. City of St. Louis , 531 S.W.3d 602, 609 (Mo. App. E.D. 2017). Here, Appellants consistently sought a declaration *50 of their rights under the SPA, hinging on the factual determination whether there existed an enforceable escrow agreement to extend the payment deadline and, if so, for how long. Then, if that issue was resolved in their favor, Appellants prayed for specific performance of the SPA accordingly.
"The general rule of the law of contracts is well settled that, in certain cases, a breach of contract may give rise to two remedies. One is an action at law for damages for the breach; the other is a suit in equity for the specific performance of the contract." Magruder v. Pauley , 411 S.W.3d 323, 331 (Mo. App. W.D. 2013). "No question can exist as to the right to sue in equity for the specific performance to deliver shares of stock whenever it is shown that the shares contracted for have no market value, or are difficult to obtain elsewhere, or there is some reasonable cause for the delivery of the particular shares arising out of the relation they bear to the control of the corporation. In all such cases the action for damages at law is wholly inadequate, and complete relief can only be had in equity." Powell v. Kennedy , 463 S.W.2d 802, 806-07 (Mo. 1971). Appellants sought specific performance in that control of the dealership was a rare opportunity and Appellants could not be made whole by monetary damages. In other words, they had no adequate remedy at law for Sellers' alleged breach.
Based on the foregoing, Appellants made a submissible case for declaratory relief and specific performance. Further, because a determination of the parties' rights and obligations depended on the existence and terms of the alleged escrow agreement, jury findings were needed to inform the court's declaration in that regard. "Declaratory judgment is sui generis, and is neither legal nor equitable. Turnbull v. Car Wash Specialties, LLC , 272 S.W.3d 871, 873 (Mo. App. E.D. 2008). "Labeling an action as 'equitable' or 'legal' typically refers to the type of relief being sought, but does not necessarily foreclose a party's right to trial by jury." Id. "When a proceeding [for declaratory relief] involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions." § 527.090 ; Rule 87.06. "The court determines what issues should be tried to the court and what issues should be reserved for the jury's determination." Turnbull, at 874. Logically, "there is a marked preference to conduct a jury trial first, with the court reserving for its own determination only bench-tried issues, whether equitable or jury-waived." Savannah Place, Ltd. v. Heidelberg , 164 S.W.3d 64, 68 (Mo. App. S.D. 2005). Equitable claims should be decided consistent with the jury's factual findings. State ex rel. Leonardi v. Sherry , 137 S.W.3d 462, 473 (Mo. 2004).
The trial court erred in directing a verdict for Sellers on Appellants' petition. Appellant made a submissible case for breach of contract warranting a declaration of the parties' rights, consistent with jury findings about the alleged escrow agreement, and, based on that declaration, a determination whether Appellants are entitled to specific performance. Appellants' points III and IV are granted and dispositive.
The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion. Given this disposition of the principal appeal, we do not reach Sellers' cross-appeal regarding attorney fees.
Mary K. Hoff, J., and Colleen Dolan, J., concur.

Sellers move to supplement the legal file with pleadings from prior proceedings in which, in a petition and two subsequent amendments, Appellants asserted three counts of breach of contract and two counts of wrongful discharge. Sellers argue that those pleadings show Appellants' multiple opportunities to perfect their specific claims and prayers. The record lacks any indication that the trial court judicially noticed that file or was even aware of the earlier case. As such, that evidence cannot be considered as part of the record before us. See Moore v. Missouri Dental Bd. , 311 S.W.3d 298 (Mo. App. W.D. 2010). Even if it were, it wouldn't change the analysis. Sellers' motion to supplement the legal file is denied.

In St. Louis County, local rule 3.2 requires that "each count of a petition ... shall be numbered and titled with the name of the cause of action asserted therein."