

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | |
|---|---|
| RONALD D. RUFF, ET AL., | ) No. ED110707 |
| | ) |
| Appellants, | ) Appeal from the Circuit Court of |
| | ) Franklin County |
| vs. | ) |
| | ) Honorable Robert W. Cornejo |
| BEQUETTE CONSTRUCTION, INC., | ) |
| ET AL., | ) |
| | |
| Respondents. | ) Filed: June 13, 2023 |

### Introduction

Appellants are homeowners ("Homeowners") in the Birch Creek Estates Subdivision in Franklin County, Missouri ("Birch Creek"). Respondents are Bequette Construction, Inc. ("Bequette"), an entity which owns lots in Birch Creek with developer rights in the subdivision; AJKJ, Inc. ("AJKJ"), a creator of Birch Creek that once held developer rights; New Sites, LLC ("New Sites"), a creator of Birch Creek that once held developer rights; and Legends Bank ("Legends"), a bank which purchased lots in Birch Creek before selling the lots to Bequette (collectively, the "Respondents"). Homeowners appeal the judgment of the Circuit Court of Franklin County, Missouri, denying their petition for declaratory judgment seeking an order that the Reformation Judgment is null and void, with no effect on Homeowners.

Homeowners raise four points on appeal. In Point I, Homeowners argue the trial court erred in finding *State ex rel. AJKJ, Inc. v. Hellmann*, 574 S.W.3d 239, 240 (Mo. banc 2019), a

final ruling on the merits because the Court only considered jurisdictional claims, and a jurisdictional ruling is not a determination on the merits. In Point II, Homeowners argue the trial court erred in concluding Homeowners were not necessary and indispensable parties to the Reformation Judgment because Homeowners had a legal interest affected by such judgment, given it affects the property they own. In Point III, Homeowners argue the trial court erred in concluding Homeowners lacked standing to bring a declaratory judgment action because they have a legally protectable interest in who possesses the developer rights in their subdivision and a legally protectable interest at stake in opposing a collateral attack on the April 2018 Judgment in the 2016 Lawsuit. In Point IV, Homeowners argue the trial court erred in concluding the Reformation Judgment was not void as to Homeowners based on the equitable doctrines of laches and judicial estoppel because Respondents unreasonably delayed reforming the deed in the Reformation Judgment and previously testified to the validity of that deed.

Per this Court's prior decision affirming the trial court's grant of summary judgment in *Ruff v. Bequette Constr.*, 662 S.W.3d 90 (Mo. App. E.D. 2023), *transfer denied* (Apr. 4, 2023) ("*Ruff I*"), because Bequette possesses developer rights notwithstanding the validity of the Reformation Judgment, there is no justiciable controversy, and the trial court did not err in denying Homeowner's petition for declaratory judgment. We decline to address Homeowners' points on appeal.

We affirm.

## Factual and Procedural Background

### General Background

In 2000, AJKJ and New Sites created Birch Creek as joint developers. Each property in Birch Creek is subject to the declaration of covenants and restrictions (the "Covenants"), which

was recorded on December 19, 2000. The Covenants identify the "Developer" as AJKJ and New Sites, which possess developer rights. Under Article IX, Section 5 of the Covenants, the Developer has the unilateral authority to amend, modify, or terminate the Covenants if the Developer (or the Developer's successors and assigns) owns any lot in Birch Creek. After the Developer no longer owns any lot, the Covenants may be amended only by a vote of two-thirds (2/3) of the owners of the platted lots.

On August 25, 2014, AJKJ executed a general warranty deed whereby AJKJ conveyed its "right, title, and interest" in all its property in Birch Creek to New Sites (the "New Sites Deed"), without mentioning whether any of AJKJ's "developer rights" were conveyed or transferred.

On June 25, 2015, New Sites executed a special warranty deed whereby it conveyed to Legends "all of its right, title, and interest as developer of the Birch Creek Estates subdivision, including but not limited to those arising pursuant to the [Covenants] . . . ." (the "Legends Bank Deed").

On June 30, 2015, Legends executed a special warranty deed whereby it conveyed to Bequette "all of its right, title, and interest . . ., as the developer of the Birch Creek Estates subdivision . . ., including but not limited to those arising pursuant to the [Covenants] . . . ." (the "Bequette Deed"). On the same day, AJKJ executed a written instrument titled Conveyance of Developer Rights, which contained conveyance language similar to that of the Bequette Deed (the "Developer Rights Conveyance"). All deeds and the Developer Rights Conveyance were recorded with the Franklin County Recorder of Deeds.

In 2015, Bequette announced it intended to form a new homeowner's association for Birch Creek, and that Bequette's owner, Anthony J. Bequette, would serve as its initial trustee.

3

Bequette also announced plans to amend the Covenants to reduce the minimum square footage for new homes built in Birch Creek, among other changes.

*The 2016 Lawsuit*

In April 2016, Homeowners filed a petition under Missouri's Declaratory Judgment Act seeking a declaration that Bequette could not unilaterally amend the Covenants because it did not hold "developer rights" associated with Birch Creek in that the New Sites Deed did not contain an express conveyance of developer rights from AJKJ to New Sites (the "2016 Lawsuit"). Homeowners named Bequette and the HOA as defendants.

In February 2018, the trial court held a bifurcated bench trial in the 2016 Lawsuit. The only issue in the initial portion of the bifurcated trial was whether Bequette held developer rights associated with Birch Creek. On April 24, 2018, the trial court entered an interlocutory judgment (the "Interlocutory Judgment"), finding Homeowners had standing to pursue a declaratory judgment action regarding whether Bequette had developer rights and that developer rights were not transferred via the New Sites Deed.

*The Reformation Case*

On June 1, 2018, AJKJ filed a single-count petition with the Franklin County Circuit Court seeking to reform the New Sites Deed on the grounds of mutual mistake (the "Reformation Lawsuit"). AJKJ named New Sites, Legends, and Bequette as defendants, but did not name Homeowners. AJKJ alleged mutual mistake because the parties "inadvertently failed to include the words 'developer rights'" in the New Sites Deed.

On July 19, 2018, the trial court entered its judgment in the Reformation Lawsuit, ordering the New Sites Deed "reformed and corrected to include the words 'including developer rights' in the description of the property and rights to be transferred from AJKJ, Inc., to New

4

Sites, LLC" (the "Reformation Judgment"), which was effective "as of the date of the original conveyance of the New Sites Deed (i.e., August 25, 2014)."

On August 14, 2018, Homeowners moved to intervene in the Reformation Lawsuit and set aside the Reformation Judgment (the "Motion to Intervene"). On September 13, 2018, the trial court granted the Motion to Intervene and vacated the Reformation Judgment.

On September 21, 2018, AJKJ filed a petition for a writ of prohibition with this Court, which we denied. On October 8, 2018, AJKJ filed a petition for writ of prohibition with the Supreme Court of Missouri. On June 9, 2019, the Supreme Court of Missouri granted the writ of prohibition, finding the trial court did not have jurisdiction when it granted the Motion to Intervene under Rule 75.01 because more than thirty days had passed since the Reformation Judgment was entered and the Motion to Intervene was not an authorized post-trial motion that extended the trial court's jurisdiction under Rule 85.01(a).[1] *See generally State ex rel. AJKJ, Inc. v. Hellmann*, 574 S.W.3d 239 (Mo. banc 2019). Thus, the Reformation Judgment was determined to be a final judgment in the matter.

*Homeowners Seek Declaratory Relief*

On June 10, 2019, Homeowners filed a petition for declaratory judgment in the Circuit Court of Franklin County, initiating the current case. Homeowners sought an order declaring the Reformation Judgment void and inapplicable to Homeowners because they "were necessary parties to the [Reformation Lawsuit] and their absence from that lawsuit renders the Reformation Judgment void," based on equitable doctrines such as laches and judicial estoppel. On December 2, 2019, Bequette filed counterclaims alleging trespass, tortious interference, and defamation. On October 6, 2020, the trial court held a bifurcated trial on Homeowners' petition for declaratory judgment. On January 8, 2021, the trial court denied Homeowners' petition for declaratory

---

[1] Rule references are to Missouri Supreme Court Rules (2018).

5

judgment. Neither the trial nor the January 8, 2021, ruling addressed Bequette's counterclaims, so the judgment was not yet final and appealable (the "Declaratory Relief Judgment").

*Legends Intervenes in the 2016 Lawsuit and Other Proceedings*

On January 6, 2021, Legends moved to intervene in the 2016 Lawsuit and filed its third-party petition for declaratory judgment, which sought a declaration that the Legends Deed, the Bequette Deed, and the reformed New Sites Deed, conveyed all developer rights associated with Birch Creek to Bequette and that Bequette possesses all developer rights, free of any claim by Homeowners. On January 15, 2021, Legends moved to request the Interlocutory Judgment be set aside, arguing it was contrary to the Reformation Judgment. On February 5, 2021, the trial court granted the Motion to Intervene.

On January 28, 2021, Bequette filed its third motion to reconsider the Interlocutory Judgment. On March 10, 2021, the trial court set aside the Interlocutory Judgment for the reasons alleged by Bequette which included that AJKJ's developer rights were not needed for Bequette to acquire developer rights given it obtained the developer rights originally belonging to New Sites, an original co-developer.

On May 24, 2021, Legends moved for summary judgment in the 2016 Lawsuit, based on the Reformation Judgment and other evidence, arguing it was clear AJKJ, New Sites, Legends, and Bequette all intended for "the developer rights to pass from New Sites to Legends, and then to Bequette." Legends also asserted Homeowners lacked standing to challenge the transfer of developer rights. On June 7, 2021, Bequette likewise moved for summary judgment by incorporating Legends' motion.

On August 16, 2021, the trial court granted summary judgment in the 2016 Lawsuit for Legends and Bequette, ruling Bequette holds all developer rights associated with Birch Creek

and Homeowners lacked standing to challenge the transfer of developer rights via the deeds (the "2021 Judgment"). In the 2021 Judgment, the trial court also denied Homeowners' amended petition for declaratory judgment and granted Legends' third-party petition for declaratory judgment in the 2016 Lawsuit. The Homeowners appealed the 2021 Judgment.

On January 17, 2023, this Court affirmed the 2021 Judgment ("*Ruff I*"). We held "the trial court correctly granted Legends' and Bequette's motions for summary judgment and Legends' third-party petition for declaratory judgment, and correctly denied Homeowners' amended petition for declaratory judgment in the 2016 Lawsuit." Specifically, we held "Homeowners [did] not have standing under [section] 527.020 to challenge the conveyance of developer rights contained in the New Sites Deed because they are not parties to, and have not alleged they are third-party beneficiaries of, any of the deeds, as required under Missouri law." *Ruff*, 662 S.W.3d at 97, 105. The Supreme Court of Missouri denied transfer on April 4, 2023.

*Homeowners Appeal Declaratory Relief Judgment*

On May 26, 2022, because the Declaratory Relief Judgment in the current case was interlocutory, Homeowners requested the trial court certify the Declaratory Relief Judgment as final and thus appealable under Missouri Supreme Court Rule 74.01(b). On June 16, 2022, the trial court granted Homeowners' request and certified the Declaratory Relief Judgment as final.

This appeal follows.

**Standard of Review**

"The standard of review in a declaratory judgment case is the same as in any court-tried case." *Khalil v. 3HB Corp.*, 621 S.W.3d 1, 9 (Mo. App. E.D. 2021) (quoting *City of Kan. City, Mo. v. Chastain*, 420 S.W.3d 550, 554 (Mo. banc 2014)). We affirm the judgment of the trial court "unless there is no substantial evidence to support it, it is against the weight of the

evidence, or it erroneously declares or applies the law." *Id.* (quoting *Chastain*, 420 S.W.3d at 554); *see also Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all evidence and inferences to the contrary." *Pauli v. Spicer*, 445 S.W.3d 667, 672 (Mo. App. E.D. 2014) (quoting *Inman v. Mo. Dept. of Corr.*, 139 S.W.3d 180, 183 (Mo. App. W.D. 2004)). "Standing is a question of law that we review *de novo*." *Bray v. Lee*, 620 S.W.3d 278, 281 (Mo. App. E.D. 2021) (citing *St. Louis Ass'n of Realtors v. City of Ferguson*, 354 S.W.3d 620, 622–23 (Mo. banc 2011)).

**Discussion**

We decline to address Homeowners' points on appeal for the following rationale. A "declaratory judgment is not a general panacea for all real and imaginary legal ills, nor is it a substitute for all existing remedies, and it should be used with caution." *Payne v. Cunningham*, 549 S.W.3d 43, 47 (Mo. App. E.D. 2018) (quoting *Century Motor Corp. v. FCA US LLC*, 477 S.W.3d 89, 95 (Mo. App. E.D. 2015)). "A declaratory judgment action requires a judiciable controversy." *Trophy Room v. City of St. Louis*, 534 S.W.3d 340, 351 (Mo. App. E.D. 2017) (quoting *Mo. All. for Retired Ams. v. Dept. of Lab. & Indus. Rels.*, 277 S.W.3d 670, 676 (Mo. banc 2009)); *see also Payne*, 549 S.W.3d at 48 (citing *Century Motor Corp.*, 477 S.W.3d at 95) ("A court may grant a declaratory judgment if presented with: (1) a justiciable controversy; (2) legally protectable interests; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.").

"Justiciability" is a "prudential" rather than a "jurisdictional" doctrine. *Trophy Room*, 534 S.W.3d at 351 (quoting *Schweich v. Nixon*, 408 S.W.3d 769, 773 (Mo. banc 2013)); *see also Mercy Hosps. E. Cmtys. v. Mo. Health Facilities Rev. Comm.*, 362 S.W.3d 415, 418 (Mo. banc

2012) ("In other words, justiciability requires that the plaintiff's claim is ripe and that the plaintiff has standing to bring the underlying claim."). "The existence of a justiciable controversy is essential before a court may exercise jurisdiction."[2] *Trophy Room*, 534 S.W.3d at 351 (quoting *Roach L. Firm v. Beilenson*, 224 S.W.3d 57, 60 (Mo. App. E.D. 2007)). "[W]here there exists no justiciable controversy, it is an abuse of discretion for the trial court to undertake a declaratory judgment action." *Id.* (quoting *Roach L. Firm*, 224 S.W.3d at 60).

A justiciable controversy is a "real, substantial, *presently existing* controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation." *Century Motor Corp.*, 477 S.W.3d at 95 (emphasis added) (quoting *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 26 (Mo. banc 2003)). "The facts on which the decision is demanded must have accrued so that the judgment declares the existing law on an existing state of facts." *Id.* (quoting *City of Joplin v. Mo. Lead & Zinc Co.,* 861 S.W.2d 157, 160 (Mo. App. S.D. 1993)). Without a "concrete case upon which the court's decree can have a *conclusive effect*, there is no justiciable controversy." *Id.* at 96 (emphasis added) (quoting *Fulson v. Kansas City Star Co.,* 816 S.W.2d 297, 300 (Mo. App. W.D. 1991)).

The trial court in the 2021 Judgment granted summary judgment in the 2016 Lawsuit for Legends Bank and Bequette because there was no genuine dispute of material fact as to whether Bequette Construction possessed developer rights associated with Birch Creek.[3] The trial court ruled Bequette Construction holds all developer rights associated with Birch Creek and

---

[2] Post *J.C.W. ex rel. Webb v. Wyciskalla*, the use of "jurisdiction" in this quotation "really [goes] to the court's *authority* to render a particular judgment in a particular case." 275 S.W.3d 249 (Mo. banc 2009) (emphasis added) (quoting *In re Marriage of Hendrix*, 183 S.W.3d 582, 588 (Mo. banc 2006)).

[3] We take judicial notice of the records in ED110802, *Ruff I. Hardin v. Hardin*, 512 S.W.2d 851, 854 (Mo. App. 1974) ("It has long been the law that courts may (and should) take judicial notice of their own records in prior proceedings which are (as here) between the same parties on the same basic facts involving the same general claims for relief."); *see also Moore v. Mo. Dental Bd.*, 311 S.W.3d 298, 305 (Mo. App. W.D. 2010) ("Judicial notice of records from other related proceedings involving the same parties can be on the court's own motion or at the request of a party.") (citing *Hardin*, 512 S.W.2d at 854).

Homeowners lacked standing to challenge the transfer of developer rights via the deeds. This Court affirmed the trial court's grant of summary judgment in *Ruff I*. 662 S.W.3d at 90.

Homeowners argue "[r]eformation of the New Sites Deed . . . directly impacts whether Bequette is the developer under the Subdivision Covenants" and "[w]hether or not Bequette has developer rights had and will continue to have drastic repercussions on the Subdivision and the [Homeowners] . . . ." Homeowners contend if the Reformation Judgment reforming the deed is void, then it could not be used "as grounds for vacatur and summary judgment in the [2016 Lawsuit]." But, Respondent Bequette notes in its brief, the trial court, in its 2021 Judgment, "determined that even ignoring the Reformed New Sites Deed results in the same conclusion because AJKJ and New Sites, as co-developers, each had their own developer rights to transfer." We agree. The trial court in its 2021 Judgment did not only rely on the Reformation Judgment finding:

> Even if this Court were to ignore the Reformed New Sites Deed, the Court would reach the same conclusion. AJKJ and New Sites were the co-developers of Birch Creek, each possessing their own, independent developer rights. As such, either party was free to convey those rights. Plaintiffs have not challenged, nor could they, that New Sites undoubtedly conveyed its rights to Legends Bank, who in turn conveyed those rights to Bequette Construction.

The 2016 Lawsuit trial court found *both* AJKJ and New Sites possessed developer rights as stated in the Declaration of Covenants and Restrictions for Birch Creek. So, *even without* the reformed New Sites Deed, the trial court ruled New Sites conveyed its developer rights to Legends Bank, who then conveyed those rights to Bequette. Thus, there is no justiciable controversy. As the final and affirmed 2021 Judgment found, if the Reformation Judgment is void, Bequette owns the developer rights nonetheless. Because the trial court ruled Bequette possesses developer rights even without the reformation of the New Sites Deed, analyzing the validity of the Reformation Judgment would result in an advisory opinion, which we may not

10

issue. *Cope v. Parson*, 570 S.W.3d 579, 586 (Mo. 2019) (quoting *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 324 n.3 (Mo. banc 2016) ("An opinion is advisory if there is no justiciable controversy, such as if . . . the issue is not essential to the determination of the case . . . ."); *see also Kinder v. Holden*, 92 S.W.3d 793, 804 (Mo. App. W.D. 2002) (quoting *Farm Bureau Town & Country Ins. Co. of Mo. v. Angoff*, 909 S.W.2d 348, 353 (Mo. banc 1995)) ("Declaratory judgment actions should not be resorted to for the purpose of giving advisory opinions."); *see also Ruff*, 662 S.W.3d at 90.

Because there is no justiciable controversy, we decline to address Homeowners' points on appeal. The trial court did not err in denying Homeowner's petition for declaratory judgment.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

_____
Philip M. Hess, Judge

Kelly C. Broniec, P.J. and
James M. Dowd, J. concur.

11